Cause #          Exhibit D

# 35 C.J.S. Extortion § 13

**Corpus Juris Secundum** | November 2021 Update

**Extortion**
Eric C. Surette, J.D.

I. General Considerations

C. Federal Offenses

## § 13. Extortion under Hobbs Act, generally

Topic Summary | References | Correlation Table

---

**West's Key Number Digest**

West's Key Number Digest, Extortion 19 to 24(6)
West's Key Number Digest, Lobbying 9

---

**A federal statute proscribing extortion applies to any payment to a public official to which the official is not entitled and which payment the government official knows is made in return for his or her official acts.**

A federal statute, known as the Hobbs Act, provides that "whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."[1] The Hobbs Act defines "extortion" to mean the obtaining of property from another, with his or her consent, induced under (among other things) color of official right.[2] The Hobbs Act is applicable to federal officials[3] and proscribes extortion involving the obtaining of property from another under color of official right[4] or the wrongful taking by a public officer of money or property not due him or her or their office.[5] In general, the Hobbs Act applies to any payment to a public official to which the official is not entitled[6] and which payment the government official knows is made in return for his or her official acts.[7] An individual violates the "color of official right" prong of the Hobbs Act when he or she encourages or accepts a payment knowing that it was prompted by hope that the official will be influenced in the exercise of his or her powers.[8]

Hobbs Act extortion, that is, obtaining property from another with his or her consent under color of official right, includes the rough equivalent of taking a bribe.[9] To prove Hobbs Act extortion under color of official right, the government need only show that a public official has obtained a payment to which the official was not entitled, knowing that the payment was made in return for official acts.[10] A court will also uphold a conviction for Hobbs Act extortion under color of official right where the evidence

indicates (1) that the payor made a payment to the defendant because the payor held a reasonable belief that the defendant would perform official acts in return, and (2) that the defendant knew that the payor made the payment because of that belief.[11] Extortion under color of official right requires the government to prove the bribe giver was motivated to make payments as a result of the defendant's control or influence over public officials and the defendant was aware of this motivation.[12]

The Act is not to be narrowly applied[13] and applies to extortion for nonperformance of duties as well as performance of official duties.[14] To show extortion under the Hobbs Act, the government must prove the defendant acted knowing that the payment was made in return for official acts.[15] However, the government need not prove corrupt intent[16] or that the official conduct was wrongful.[17]

Extortion under the Hobbs Act does not require a direct benefit to the extortionist; the gravamen of the offense is loss to the victim.[18] The official need not actually have the powers he or she threatens to use, and the victim need not actually know the official's position; it is enough that the victim reasonably believe the official can do what he or she threatens.[19] Also, attempted extortion does not require that the defendant actually obtain property but only that he or she attempted to induce the victim to part with property.[20]

Factual impossibility is no defense to a charge of attempt to violate the Hobbs Act.[21] Also, the crime of extortion occurs without regard to whether the promised official act is carried out.[22] In order to prove "under color of official right," the government need only show that a public official has obtained a payment to which he or she was not entitled, knowing that the payment was made in return for official acts; the government need not prove that the public official induced the making of the payment or that the public official acted or refrained from acting as a result of payments made.[23]

A government official acting to obtain property for the sole benefit of the government, rather than for his or her own benefit or advantage, does not commit extortion under the Hobbs Act.[24]

Neither the fact that the payer approached the public official first nor the payer's readiness and even eagerness to play the game mean that extortion did not occur.[25]

The exchange of an official act for money violates federal law, no matter how the recipient uses the cash.[26]

*Inducement, duress, or threat unnecessary.*

An affirmative act of inducement by a public official, such as a demand, is not an element of the offense of extortion under color of official right prohibited by the Hobbs Act.[27] The passive acceptance of a benefit is a sufficient basis for Hobbs Act extortion under color of official right so long as the official knows that he or she is being offered payment in exchange for an ability to take official acts.[28] Further, when the government presents evidence that the government official received a payment under color of official right, for purposes of Hobbs Act extortion, it need not prove that the official induced the payment through fear.[29] Similarly, an element of duress such as a demand is not an element of the offense of Hobbs Act extortion under color of official right.[30] A public official may be convicted of Hobbs Act extortion without actually exerting pressure or providing advice to another official since if the jury finds the evidence to be sufficient to demonstrate that the defendant agreed to take an official act in exchange for gifts, such determination would be sufficient to support a guilty verdict.[31]

*Requirement of official act.*

The Hobbs Act requires proof, among other elements, that the defendant charged with extortion under color of official right received a benefit in exchange for the performance or nonperformance of an official act.[32]

Taking a public position on an issue, by itself, is not a formal exercise of governmental power and is therefore not an "official act" for purposes of Hobbs Act extortion.[33]

*Coercion.*

In a Hobbs Act prosecution for extortion under color of official right, the importance of the defendant's public office or official act to the Hobbs Act charge is its coercive effect on the payor.[34] In "official act" extortion, the defendant's public office supplies the necessary element of coercion.[35] While the element of coercion is subsumed in the "under color of official right" theory, it is not a separate element that the government must prove, but rather, coercion is merely a justification for permitting prosecution under the Hobbs Act.[36] A public office gives a defendant the power to convey the threat, explicitly or implicitly, that failure to make a payment will result in the victimization of the prospective payor or the withholding of more favorable treatment in the form of official action, and that threat, if properly understood, coerces the victim to give over property not legitimately owed to the person holding public office, thus completing the offense.[37]

Although both extortion "under color of official right" and "extortion by force, violence, or fear" involve coercing another person to make a payment,[38] in the Hobbs Act provision defining extortion, the "induced by wrongful use of actual or threatened force, violence, or fear" prong of the offense delineates a distinct form of extortion from the "under color of official right" prong.[39]

*Consent; Hobbs Act robbery distinguished.*

The phrase "with his [or her] consent," in the Hobbs Act's definition of extortion as obtaining property from another with his or her consent, is designed to distinguish extortion from robbery, which is defined in the Hobbs Act as obtaining personal property from the person or in the presence of another against his or her will; thus, "consent" simply signifies the taking of property under circumstances falling short of robbery, and such "consent" is quite different from the mens rea necessary for a conspiracy.[40] A victim who grudgingly or reluctantly gives up his or her property to a defendant consents for purposes of Hobbs Act extortion under color of official right.[41] Consent does not mean free of all compulsion, and a victim consents to extortion under color of official right so long as the victim retains some degree of choice in whether to comply with the extortionate threat, however much of a Hobson's choice that may be.[42] Consent for Hobbs Act extortion does not require a single-minded decision, and "consent" may exist even when other factors weigh powerfully in a victim's decision to give up his or her property to the extorter.[43]

*Conspiracy and attempt to extort.*

The Hobbs Act, by its own terms, encompasses the inchoate offenses of attempt and conspiracy to extort.[44] A defendant may be convicted of conspiring to commit Hobbs Act extortion under color of official right based on proof that the defendant entered into a conspiracy that had as its objective the obtaining of property from another conspirator with his or her consent and under color of official right.[45]

A Hobbs Act conspiracy charge does not require that the ends of the conspiracy were from the very inception of the agreement objectively attainable.[46] Factual impossibility, or the fact that the agreement was "objectively unattainable," is not a defense to a charge of conspiracy or attempt to extort under the Hobbs Act.[47] In order to establish the existence of a conspiracy to commit Hobbs Act extortion, the government has no obligation to demonstrate that each conspirator agreed personally to commit, or

was even capable of committing, the substantive offense of Hobbs Act extortion, as it is sufficient to prove that the conspirators agreed that the underlying crime be committed by a member of the conspiracy who was capable of committing it, or in other words, each conspirator must have specifically intended that some conspirator commit each element of the substantive offense.[48]

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| 1 | 18 U.S.C.A. § 1951(a). |
| 2 | 18 U.S.C.A. § 1951(b)(2). |
| 3 | U.S.—U.S. v. Stephenson, 895 F.2d 867 (2d Cir. 1990). |
| 4 | U.S.—Ocasio v. U.S., 136 S. Ct. 1423, 194 L. Ed. 2d 520 (2016). |

**Parole officer's receipt of drug money**
There was sufficient evidence to support a parole officer's convictions for conspiracy to commit extortion under color of official right and extortion under the color of official right, in light of evidence that a parolee under the officer's supervision was dealing in black tar heroin manufactured exclusively in Mexico, that he was selling approximately $500 worth of heroin daily over course of several years, that he made payments to the officer from his drug proceeds, that the officer knew about and ignored his drug dealing, that the officer solicited bribes through tales of financial hardship, then identified other parolees whose reporting requirements she had successfully lowered after they gave her greeting cards filled with cash, and that the officer's failure to note a police investigation, advice to the parolee to throw away his cellphone, and false reports of clean urinalysis tests enabled the parolee to continue his trafficking.
U.S.—U.S. v. Washington, 803 F.3d 745 (5th Cir. 2015).

**Sentencing at increased level**
In sentencing the defendant for extortion under color of official right, the district court did not clearly err in finding that it was reasonably foreseeable to the defendant that another public official besides himself was also being bribed, so as to support the application of a sentencing guidelines offense level increased based on more than one bribe being involved in the offense, where a coconspirator testified that a car had been given to the other public official and that he told the defendant that contact had been made with the other public official.
U.S.—U.S. v. Misla-Aldarondo, 478 F.3d 52 (1st Cir. 2007).

| | |
|---|---|
| 5 | U.S.—U.S. v. Adcock, 558 F.2d 397, 2 Fed. R. Evid. Serv. 1113, 43 A.L.R. Fed. 851 (8th Cir. 1977). |

**Intent of Hobbs Act**
The Hobbs Act is intended to address a situation where a defendant is caught in public office, promising to misuse the office once the defendant receives payment.
U.S.—U.S. v. Manzo, 636 F.3d 56 (3d Cir. 2011).

**Exploitation of owner's fear**
Payment from the owners of a senior housing complex to the mayor pro tempore, who demanded money to approve a contract between the owners and the city redevelopment agency, constituted "extortion" within the meaning of the Federal Hobbs Act since the mayor exploited the owners' fear that without continuing rental assistance or a proposed mortgage buy down in the contract, they would no longer be able to afford the debt service on the complex.
Cal.—Carson Redevelopment Agency v. Padilla, 140 Cal. App. 4th 1323, 44 Cal. Rptr. 3d 881 (2d Dist. 2006).

| | |
|---|---|
| 6 | U.S.—U.S. v. Ganim, 510 F.3d 134 (2d Cir. 2007), for additional opinion, see, 256 Fed. Appx. 399 (2d Cir. 2007). |

**Extortion of money for grant of club license**
Evidence that the defendant, an elected official involved in the liquor licensing process who personally told members of motorcycle club that he could do something about an initial refusal to grant a license; that he instructed the club to reapply for a license, which resulted in its successful issuance; that the defendant asked the club's treasurer for a fee in return for his help, but to which he had no lawful claim; and that when the treasurer refused, the defendant immediately warned him that the club's lounge was in violation of an

existing city ordinance was sufficient to permit a jury to find that the defendant engaged in conduct to extort money from the treasurer to which he had no lawful claim.
Cal.—U.S. v. Mathis, 186 Fed. Appx. 971 (11th Cir. 2006).

| | |
|---|---|
| 7 | U.S.—U.S. v. O'Grady, 280 Fed. Appx. 124 (3d Cir. 2008). |
| 8 | U.S.—U.S. v. Troutman, 572 F. Supp. 2d 955 (N.D. Ill. 2008). |
| 9 | U.S.—Ocasio v. U.S., 136 S. Ct. 1423, 194 L. Ed. 2d 520 (2016). |
| 10 | U.S.—Ocasio v. U.S., 136 S. Ct. 1423, 194 L. Ed. 2d 520 (2016). |

**"Official right" theory of extortion**
U.S.—United States v. Percoco, 317 F. Supp. 3d 822 (S.D. N.Y. 2018).

| | |
|---|---|
| 11 | U.S.—U.S. v. Fountain, 792 F.3d 310 (3d Cir. 2015). |
| 12 | U.S.—United States v. Silver, 184 F. Supp. 3d 33 (S.D. N.Y. 2016), aff'd in part, 864 F.3d 102 (2d Cir. 2017), cert. denied, 138 S. Ct. 738, 199 L. Ed. 2d 605 (2018). |
| 13 | U.S.—U.S. v. Bailey, 990 F.2d 119, 38 Fed. R. Evid. Serv. 455 (4th Cir. 1993). |
| 14 | U.S.—U.S. v. Bernard, 47 F.3d 1101 (11th Cir. 1995). |
| 15 | U.S.—U.S. v. Mister, 553 F. Supp. 2d 377 (D.N.J. 2008). |
| 16 | U.S.—U.S. v. McDade, 827 F. Supp. 1153 (E.D. Pa. 1993), aff'd in part, appeal dismissed in part on other grounds, 28 F.3d 283 (3d Cir. 1994). |

As to corrupt intent as an element of extortion, generally, see § 9.

| | |
|---|---|
| 17 | U.S.—U.S. v. Evans, 30 F.3d 1015 (8th Cir. 1994). |
| 18 | U.S.—U.S. v. Stillo, 57 F.3d 553 (7th Cir. 1995). |
| 19 | U.S.—U.S. v. Tomblin, 46 F.3d 1369, 41 Fed. R. Evid. Serv. 964 (5th Cir. 1995). |
| 20 | U.S.—U.S. v. Vigil, 523 F.3d 1258 (10th Cir. 2008). |
| 21 | U.S.—U.S. v. Mitov, 460 F.3d 901 (7th Cir. 2006); U.S. v. Daane, 221 Fed. Appx. 508 (9th Cir. 2007). |
| 22 | U.S.—U.S. v. Ganim, 510 F.3d 134 (2d Cir. 2007), for additional opinion, see, 256 Fed. Appx. 399 (2d Cir. 2007). |
| 23 | U.S.—U.S. v. Urban, 404 F.3d 754 (3d Cir. 2005). |
| 24 | U.S.—Lu v. Menino, 98 F. Supp. 3d 85 (D. Mass. 2015). |
| 25 | U.S.—United States v. Buffis, 867 F.3d 230 (1st Cir. 2017), cert. denied, 138 S. Ct. 526, 199 L. Ed. 2d 403 (2017). |
| 26 | U.S.—U.S. v. Smith, 816 F.3d 479 (7th Cir. 2016). |
| 27 | U.S.—Evans v. U.S., 504 U.S. 255, 112 S. Ct. 1881, 119 L. Ed. 2d 57 (1992). |
| 28 | U.S.—U.S. v. Bryant, 885 F. Supp. 2d 749 (D.N.J. 2012). |
| 29 | U.S.—United States v. Buffis, 867 F.3d 230 (1st Cir. 2017), cert. denied, 138 S. Ct. 526, 199 L. Ed. 2d 403 (2017). |
| 30 | U.S.—United States v. Buffis, 867 F.3d 230 (1st Cir. 2017), cert. denied, 138 S. Ct. 526, 199 L. Ed. 2d 403 (2017). |
| 31 | U.S.—United States v. Lee, 919 F.3d 340 (6th Cir. 2019). |
| 32 | U.S.—United States v. Lee, 919 F.3d 340 (6th Cir. 2019); Danielson v. Huether, 355 F. Supp. 3d 849 (D.S.D. 2018). |

**Hobbs Act not unconstitutionally vague**
The Hobbs Act was not unconstitutionally vague since the parties defined Hobbs Act extortion with reference to the federal bribery statute, and the Supreme Court interpreted the term "official act" in such statute, which made it a crime for a public official to demand anything of value in return for being influenced in the performance of any official act, in a way that avoided vagueness concerns raised by the defendant, who was a former Virginia governor.
U.S.—McDonnell v. U.S., 136 S. Ct. 2355, 195 L. Ed. 2d 639 (2016).

**Defendant's action was official act**
The defendant's facilitation of an award of contracts by a city's redevelopment authority was an "official act" within the meaning of the federal bribery statute, as required to support the defendant's convictions for Hobbs Act extortion; the decision by the authority, a governmental agency, to award money to contractors as part of its public mission to develop the city's infrastructure was a formal exercise of governmental power and thus amounted to an agency determination, a contract award was a "specific and focused" matter that

was "pending" before the authority, as the authority had the responsibility to distribute federal funds for redevelopment projects, and the facilitation of a contract award was an action "on" a question or matter, as the defendant made recommendations to the authority as to the contractors it hired.

U.S.—United States v. Repak, 852 F.3d 230, 102 Fed. R. Evid. Serv. 1406 (3d Cir. 2017).

**Awarding and maintenance of vendor contracts with utility official actions**

The awarding and maintenance of vendor contracts with a utility were "official actions," as required to convict the defendant chief financial officer of a large public utility of extortion since the award of the contract by a public entity was a formal exercise of governmental power and the defendant had real power, along with the coconspirator chief executive officer, to decide who did business with the utility even though the board of directors had final approval over contracts.

U.S.—United States v. Pomrenke, 198 F. Supp. 3d 648 (W.D. Va. 2016).

| | |
|---|---|
| 33 | U.S.—United States v. Silver, 864 F.3d 102 (2d Cir. 2017), cert. denied, 138 S. Ct. 738, 199 L. Ed. 2d 605 (2018). |
| 34 | U.S.—U.S. v. Fountain, 792 F.3d 310 (3d Cir. 2015). |
| 35 | U.S.—U.S. v. Manzo, 636 F.3d 56 (3d Cir. 2011); United States v. Percoco, 317 F. Supp. 3d 822 (S.D. N.Y. 2018). |
| 36 | U.S.—U.S. v. Manzo, 636 F.3d 56 (3d Cir. 2011). |
| 37 | U.S.—United States v. Percoco, 317 F. Supp. 3d 822 (S.D. N.Y. 2018). |
| 38 | U.S.—United States v. Percoco, 317 F. Supp. 3d 822 (S.D. N.Y. 2018). |
| 39 | U.S.—United States v. Brissette, 919 F.3d 670 (1st Cir. 2019). |
| 40 | U.S.—Ocasio v. U.S., 136 S. Ct. 1423, 194 L. Ed. 2d 520 (2016). |
| 41 | U.S.—United States v. Harris, 916 F.3d 948 (11th Cir. 2019). |
| 42 | U.S.—United States v. Harris, 916 F.3d 948 (11th Cir. 2019). |
| 43 | U.S.—United States v. Harris, 916 F.3d 948 (11th Cir. 2019). |
| 44 | U.S.—U.S. v. Manzo, 636 F.3d 56 (3d Cir. 2011). |
| 45 | U.S.—Ocasio v. U.S., 136 S. Ct. 1423, 194 L. Ed. 2d 520 (2016). |
| 46 | U.S.—U.S. v. Manzo, 636 F.3d 56 (3d Cir. 2011). |
| 47 | U.S.—U.S. v. Manzo, 636 F.3d 56 (3d Cir. 2011). |
| 48 | U.S.—Ocasio v. U.S., 136 S. Ct. 1423, 194 L. Ed. 2d 520 (2016). |

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.