Case 1:22-cv-00080-JMS-DLP   Document 1-12   Filed 01/13/22   Page 1 of 4 PageID #: 37

§ 109. Deprivation of rights by person acting under color..., 14 C.J.S. Civil Rights...

Cause #                          Exhibit I

## 14 C.J.S. Civil Rights § 109

**Corpus Juris Secundum** | November 2021 Update

**Civil Rights**

James Buchwalter, J.D.; Paul M. Coltoff, J.D.; Cecily Fuhr, J.D.; Lonnie E. Griffith, Jr., J.D.; Michele Hughes, J.D.; Alan J. Jacobs, J.D.; William Lindsley, J.D.; Anne E. Melley, J.D., LL.M., of the staff of the National Legal Research Group, Inc.; Karl Oakes, J.D.; and Sally J.T. Necheles, J.D., LL.M.

V. Subjects, Programs, Activities, and Services Protected

D. Property Rights

2. Deprivation of Rights by Person Acting Under Color of Law

### § 109. Deprivation of rights by person acting under color of law, generally

Topic Summary | References | Correlation Table

---

**West's Key Number Digest**

    West's Key Number Digest, Civil Rights 1071

---

**Deprivation of property rights by a person acting under color of law may constitute a deprivation of rights secured by the United States Constitution and laws.**

The rights, privileges, and immunities referred to in the Civil Rights Act, providing that any person who, under color of law deprives a citizen of any rights, privileges, or immunities secured by the United States Constitution and laws shall be liable to the party injured,[1] include not only strictly personal rights but also property rights.[2] A taking claim brought pursuant to the Act is predicated upon the federal constitutional requirement of the Fifth Amendment that the government may not take private property without just compensation.[3]

Rights in property are basic civil rights.[4] They are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law,[5] which source must provide the plaintiff with a legitimate claim of entitlement.[6] Such property rights are no less deserving of protection than human freedoms.[7] Thus, the acquisition, enjoyment, and alienation of property are among those basic constitutional rights protected by the Act,[8] and a deprivation of such property rights without due process[9] by state[10] or municipal[11] action is cognizable under the Act.

To show deprivation under the Act, a plaintiff must demonstrate that the claimed interest is protected property under the Fourteenth Amendment, that the alleged loss amounted to a deprivation, and that the deprivation was without due process of law.[12] It is not enough to have been deprived of property under color of state law; deprivation must also have been without

Case 1:22-cv-00080-JMS-DLP   Document 1-12   Filed 01/13/22   Page 2 of 4 PageID #: 38

§ 109. Deprivation of rights by person acting under color..., 14 C.J.S. Civil Rights...

due process of law,[13] and a plaintiff must show that state procedures available for challenging the deprivation do not satisfy the requirements of due process.[14] Deprivation of property is not cognizable under the statute when state postdeprivation remedies are adequate to protect the plaintiff's due process rights, and the conduct causing the deprivation is random and unauthorized rather than effected pursuant to established state procedure.[15] It is not necessary that the property involved be completely destroyed in order for the law to apply; it is only necessary that the property right or its peaceful enjoyment be affected adversely.[16]

Federal constitutional law determines whether a property interest rises to a level of legitimate claim of entitlement protected by due process.[17] A property owner who has no federal taking claim under the Fifth Amendment necessarily has no claim under the Act as the latter only provides civil redress for a violation of federal rights and does not create substantive rights.[18]

Discriminatory conduct by state or city officials which affects property rights of a person by depriving the person of rights, privileges, and immunities secured by the United States Constitution and laws may be within the Act.[19] For liability to attach to a municipality, a plaintiff must show that it was an official policy or custom or practice that proximately caused the constitutional violation.[20] A plaintiff cannot bring a federal action for intentional deprivation of property when the deprivation is caused by an unauthorized act of a low-level official.[21] On the other hand, not all ultra vires conduct is beyond reach of the statute but only conduct which occurs at such a low level of state or local government that it would be infeasible to provide an opportunity for a hearing before the conduct occurred.[22] Furthermore, no deprivation of property occurs within the meaning of the Fourteenth Amendment when the loss of or injury to property is the result of negligent, rather than intentional, acts on the part of the officials.[23]

***Conduct by private individuals.***

Statutorily authorized conduct by private individuals which affects property rights of a person by depriving the person of rights, privileges, and immunities secured by the United States Constitution and laws may be within the Act.[24] A deprivation of property rights by conduct of a private person, not under color of law, is not within the Act.[25]

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| 1 | 42 U.S.C.A. § 1983. |
| 2 | U.S.—Lynch v. Household Finance Corp., 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424 (1972); Gibson v. City of Seattle (Wash.), Dept. of Police, 472 F.2d 1220 (9th Cir. 1973); Cabrera v. Municipality of Bayamon, 370 F. Supp. 859 (D.P.R. 1974). <br>Kan.—Dutoit v. Board of County Com'rs of Johnson County, 233 Kan. 995, 667 P.2d 879 (1983). <br>**Takings violation** <br>U.S.—Elena v. Municipality of San Juan, 677 F.3d 1 (1st Cir. 2012). |
| 3 | Conn.—Cumberland Farms, Inc. v. Town of Groton, 247 Conn. 196, 719 A.2d 465 (1998). |
| 4 | U.S.—Lynch v. Household Finance Corp., 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424 (1972); Comtronics, Inc. v. Puerto Rico Telephone Co., 409 F. Supp. 800 (D.P.R. 1975), judgment aff'd, 553 F.2d 701 (1st Cir. 1977). <br>**Continuation of public employment** <br>Property rights, including a legitimate expectancy of continuation of public employment, are within the ambit of protection of the Civil Rights Act. <br>U.S.—Alicea Rosado v. Garcia Santiago, 414 F. Supp. 709 (D.P.R. 1976). |
| 5 | U.S.—Carroll v. Town of University Park, 12 F. Supp. 2d 475 (D. Md. 1997), aff'd, 155 F.3d 558 (4th Cir. 1998). |

Case 1:22-cv-00080-JMS-DLP   Document 1-12   Filed 01/13/22   Page 3 of 4 PageID #: 39

§ 109. Deprivation of rights by person acting under color..., 14 C.J.S. Civil Rights...

| | |
|---|---|
| | Mich.—Meagher v. Wayne State University, 222 Mich. App. 700, 565 N.W.2d 401, 119 Ed. Law Rep. 659 (1997). |
| 6 | U.S.—Centro Medico Del Turabo, Inc. v. Feliciano De Melecio, 321 F. Supp. 2d 285 (D.P.R. 2004), aff'd, 406 F.3d 1 (1st Cir. 2005). |
| | N.Y.—Bower Associates v. Town of Pleasant Valley, 304 A.D.2d 259, 761 N.Y.S.2d 64 (2d Dep't 2003), order aff'd, 2 N.Y.3d 617, 781 N.Y.S.2d 240, 814 N.E.2d 410 (2004). |
| 7 | U.S.—Joe Louis Milk Co. v. Hershey, 243 F. Supp. 351 (N.D. Ill. 1965). |
| 8 | N.Y.—Privitera v. Town of Phelps, 79 A.D.2d 1, 435 N.Y.S.2d 402 (4th Dep't 1981). |
| 9 | U.S.—Harris v. Mississippi Valley State University, 899 F. Supp. 1561, 104 Ed. Law Rep. 261 (N.D. Miss. 1995). |
| | **Distraint of household goods** |
| | A deprivation of household goods necessary to keep a family at subsistence level comes within the civil rights law. |
| | U.S.—Santiago v. McElroy, 319 F. Supp. 284 (E.D. Pa. 1970). |
| 10 | U.S.—Uptown People's Community Health Services Bd. of Directors v. Board of Com'rs of Cook County, 647 F.2d 727 (7th Cir. 1981); Marino v. McDonald, 611 F. Supp. 848 (E.D. Mich. 1985). |
| 11 | **Administration of ordinance** |
| | A federal civil rights action arising from an alleged violation of substantive due process rights by a municipality is limited to a determination of whether the municipality's administration of the local ordinance was arbitrary and capricious and thereby deprived plaintiffs of their property. |
| | U.S.—Flower Cab Co. v. Petitte, 658 F. Supp. 1170 (N.D. Ill. 1987). |
| 12 | U.S.—Polenz v. Parrott, 883 F.2d 551 (7th Cir. 1989); Friedman v. Young, 702 F. Supp. 433 (S.D. N.Y. 1988). |
| | **Property taken without just compensation** |
| | U.S.—Port Chester Yacht Club, Inc. v. Iasillo, 614 F. Supp. 318 (S.D. N.Y. 1985). |
| 13 | Ohio—Peoples Rights Org., Inc. v. Montgomery, 142 Ohio App. 3d 443, 756 N.E.2d 127 (12th Dist. Madison County 2001). |
| | Wash.—Tortes v. King County, 119 Wash. App. 1, 84 P.3d 252 (Div. 1 2003), as amended, (Sept. 22, 2003). |
| 14 | U.S.—Collins v. King, 743 F.2d 248 (5th Cir. 1984). |
| 15 | U.S.—Fortuna's Cab Service, Inc. v. City of Camden, 269 F. Supp. 2d 562 (D.N.J. 2003). |
| 16 | U.S.—Cabrera v. Municipality of Bayamon, 370 F. Supp. 859 (D.P.R. 1974). |
| 17 | U.S.—Spano v. McAvoy, 589 F. Supp. 423 (N.D. N.Y. 1984). |
| 18 | Or.—Suess Builders Co. v. City of Beaverton, 77 Or. App. 440, 714 P.2d 229 (1986). |
| 19 | **Refusal of building permit** |
| | U.S.—Dailey v. City of Lawton, Okl., 425 F.2d 1037, 12 A.L.R. Fed. 956 (10th Cir. 1970). |
| | **Levy by state insurance official** |
| | U.S.—Joe Louis Milk Co. v. Hershey, 243 F. Supp. 351 (N.D. Ill. 1965). |
| 20 | U.S.—HBP Associates v. Marsh, 893 F. Supp. 271 (S.D. N.Y. 1995). |
| 21 | U.S.—Balzano v. North Bergen Tp., 649 F. Supp. 807 (D.N.J. 1986). |
| 22 | U.S.—Tavarez v. O'Malley, 826 F.2d 671 (7th Cir. 1987). |
| 23 | U.S.—Bluitt v. Houston Independent School Dist., 236 F. Supp. 2d 703 (S.D. Tex. 2002). |
| | **Failure to warn of property's unsuitability for sewage system** |
| | U.S.—Cole v. Finsel, 691 F. Supp. 841 (M.D. Pa. 1988). |
| 24 | **Ejectment for exercising rights of speech** |
| | It is a violation of the Act for a mobile home park to institute an ejectment action in order to punish a tenant for exercising his rights of speech and association, where the action is authorized by statute, and the mobile home park has a monopoly created by local zoning. |
| | U.S.—Lavoie v. Bigwood, 457 F.2d 7 (1st Cir. 1972). |
| | **Garnishment** |
| | (1) The Act protects against garnishment of property without notice to the owner or order of court, under the authority of a state statute. |
| | U.S.—Lynch v. Household Finance Corp., 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424 (1972). |
| | (2) A garnishment procedure under which a wife's wages could be garnished for her husband's debts is an actionable claim under the act. |
| | U.S.—Jackson v. Galan, 631 F. Supp. 409 (E.D. La. 1986). |

Case 1:22-cv-00080-JMS-DLP   Document 1-12   Filed 01/13/22   Page 4 of 4 PageID #: 40

§ 109. Deprivation of rights by person acting under color..., 14 C.J.S. Civil Rights...

25

**Sale of distrained goods before establishment of valid claim**
The sale of a tenant's goods distrained for nonpayment of rent under a procedure which does not provide for the establishment before the sale of the validity of the landlord's underlying claim is a violation of the Act.
U.S.—Santiago v. McElroy, 319 F. Supp. 284 (E.D. Pa. 1970).
U.S.—Mullarkey v. Borglum, 323 F. Supp. 1218 (S.D. N.Y. 1970).

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.