| Cause # | Exhibit N |
|---|---|

## 84 C.J.S. Taxation § 7

**Corpus Juris Secundum** | November 2021 Update

**Taxation**
John Bourdeau, J.D., James Buchwalter, J.D., Paul M. Coltoff, J.D., John Glenn, J.D., Rebecca Hatch, J.D., Janice Holben, J.D., Alan J. Jacobs, J.D., John Kimpflen, J.D., Stephen Lease, J.D., Lucas Martin, J.D., Eric Mayer, J.D., Tom Muskus, J.D., Karl Oakes, J.D., Jeffrey J. Shampo, J.D., Eric C. Surette, J.D.,

II. Taxing Power, Limitations, and Constitutional Restrictions

A. In General

1. Origin, Nature, and Extent of Taxing Power

## § 7. Generally

Topic Summary | References | Correlation Table

> **West's Key Number Digest**
> West's Key Number Digest, Taxation 2003 to 2006, 2008, 2100

**The power to levy taxes is inherent in the power to govern, and, except as limited by constitutional provisions, is practically without limit, extending to all persons, property, and business over which the sovereign power extends.**

The power to levy taxes is inherent in the power to govern[1] and is not dependent on any grant by the constitution[2] or the consent of the owners of property subject to taxation.[3] Constitutional provisions with respect to taxation constitute a limitation on the legislative power and not a grant of power.[4] The power to tax rests primarily in the state,[5] to be exercised by its legislature,[6] and the state may exercise the power directly[7] or may delegate such power to political subdivisions of the state.[8]

Except as restricted by constitutional provisions,[9] the taxing power of the state is practically without limit,[10] extending to all persons, property, and business within its jurisdiction.[11] Everything over which the sovereign power extends is an object of taxation[12] and the state enjoys great freedom in selecting the subjects of taxation.[13] That over which the sovereign power of a particular government does not extend is not subject to taxation thereby.[14]

The power to tax is not an absolute one but is subject to a rule of reasonableness.[15] The legislature cannot invoke the taxing power to accomplish a purpose beyond its delegated powers.[16] Raising revenue by taxation, though by itself a perfectly legitimate state action, does not allow a state to selectively prohibit constitutionally protected conduct.[17]

The state may tax that which it prohibits.[18]

§ 7. Generally, 84 C.J.S. Taxation § 7

**CUMULATIVE SUPPLEMENT**

**Cases:**

In taxation, even more than in other fields, legislatures possess the greatest freedom in classification. Levin v. Commerce Energy, Inc., 130 S. Ct. 2323 (2010).

Inequalities which result from a singling out of one particular class for taxation or exemption infringe no constitutional limitation. Morning Star Co. v. Board of Equalization, 195 Cal. App. 4th 24, 2011 WL 1707284 (3d Dist. 2011).

Except to the extent that the Commonwealth's taxing power may be prohibited or limited by the state's constitution, or that of the United States, it may be exercised without limit. Wells Fargo Bank, Minnesota, N.A. v. Com., Finance and Admin., Dept. of Revenue, 345 S.W.3d 800 (Ky. 2011), as corrected, (Aug. 25, 2011).

The power to tax is inherent in the sovereignty of the state, and is essential to its existence. Wells Fargo Bank, Minnesota, N.A. v. Com., Finance and Admin., Dept. of Revenue, 345 S.W.3d 800 (Ky. 2011), as corrected, (Aug. 25, 2011).

**[END OF SUPPLEMENT]**

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

## Footnotes

1   Kan.—Board of County Com'rs of Leavenworth County v. McGraw Fertilizer Service, Inc., 261 Kan. 901, 933 P.2d 698 (1997), opinion modified on other grounds on reh'g, 261 Kan. 1082, 941 P.2d 1388 (1997).
    N.C.—Stam v. State, 302 N.C. 357, 275 S.E.2d 439 (1981).
    **Inherent attribute of sovereignty**
    Ala.—Dobbs v. Shelby County Economic and Industrial Development Authority, 749 So. 2d 425 (Ala. 1999).
    **Fundamental power**
    N.M.—Pierce v. State, 1996-NMSC-001, 121 N.M. 212, 910 P.2d 288 (1995).

2   Cal.—Tetreault v. Franchise Tax Bd., 255 Cal. App. 2d 277, 63 Cal. Rptr. 326 (1st Dist. 1967).
    N.Y.—Shapiro v. City of New York, 67 Misc. 2d 1021, 325 N.Y.S.2d 787 (Sup 1971), judgment aff'd, 32 N.Y.2d 96, 343 N.Y.S.2d 323, 296 N.E.2d 230 (1973).

3   Ala.—Champion v. McLean, 266 Ala. 103, 95 So. 2d 82 (1957).

4   Me.—McCarty v. Greenlawn Cemetery Ass'n, 158 Me. 388, 185 A.2d 127 (1962).
    Va.—Colonial Pipeline Co. v. Com., 206 Va. 517, 145 S.E.2d 227 (1965).
    **Sovereign power**
    Power to tax is sovereign power, and constitutional provisions relating to that power limit that power.
    Neb.—Banner County v. State Bd. of Equalization and Assessment, 226 Neb. 236, 411 N.W.2d 35 (1987).

5   Mo.—Grant v. Kansas City, 431 S.W.2d 89 (Mo. 1968).
    **Traditional state power**
    N.Y.—Disney Enterprises, Inc. v. Tax Appeals Tribunal of State, 10 N.Y.3d 392, 859 N.Y.S.2d 87, 888 N.E.2d 1029 (2008).

6   Kan.—Citizens' Utility Ratepayer Bd. v. State Corp. Com'n of State of Kan., 264 Kan. 363, 956 P.2d 685 (1998).
    N.Y.—Greater Poughkeepsie Library Dist. v. Town of Poughkeepsie, 81 N.Y.2d 574, 601 N.Y.S.2d 94, 618 N.E.2d 127 (1993).
    As to direct exercise of the power to tax by the legislature, see §§ 13, 14.

7   Pa.—In re Curtis' Estate, 335 Pa. 414, 6 A.2d 283 (1939).

8   § 14.

| | |
|---|---|
| 9 | La.—Radiofone, Inc. v. City of New Orleans, 630 So. 2d 694 (La. 1994). |
| 10 | La.—Radiofone, Inc. v. City of New Orleans, 630 So. 2d 694 (La. 1994).<br>Wyo.—Witzenburger v. State ex rel. Wyoming Community Development Authority, 575 P.2d 1100 (Wyo. 1978). |
| 11 | **Property**<br>(1) All property is subject to taxation unless expressly exempt, and such exemptions are strictly construed against party claiming them.<br>Fla.—Williams v. Jones, 326 So. 2d 425 (Fla. 1975).<br>(2) Right of private property, guaranteed by state constitution and Federal Constitution, is subject to governmental power of taxation.<br>Md.—Stevens v. City of Salisbury, 240 Md. 556, 214 A.2d 775 (1965).<br>**Business**<br>Mich.—Stockler v. State, Dept. of Treasury, 75 Mich. App. 640, 255 N.W.2d 718 (1977).<br>As to the situs of property, generally, see §§ 150 to 161.<br>As to the territorial extent of the taxing power, see §§ 17, 18. |
| 12 | U.S.—International Harvester Co. v. Wisconsin Department of Taxation, 322 U.S. 435, 64 S. Ct. 1060, 88 L. Ed. 1373 (1944).<br>**Power to tax that which sovereignty has declared to be illegal**<br>Miss.—State v. Wood, 187 So. 2d 820 (Miss. 1966). |
| 13 | N.Y.—Association of the Bar of City of New York v. Lewisohn, 34 N.Y.2d 143, 356 N.Y.S.2d 555, 313 N.E.2d 30 (1974). |
| 14 | Fla.—Smith v. Lummus, 149 Fla. 660, 6 So. 2d 625 (1942).<br>Ga.—Davis v. Penn Mut. Life Ins. Co., 198 Ga. 550, 32 S.E.2d 180, 160 A.L.R. 778 (1944). |
| 15 | Neb.—U. S. Cold Storage Corp. v. Stolinski, 168 Neb. 513, 96 N.W.2d 408 (1959). |
| 16 | Okla.—City of Sand Springs v. Department of Public Welfare, 1980 OK 36, 608 P.2d 1139 (Okla. 1980). |
| 17 | U.S.—Metro Lights, L.L.C. v. City of Los Angeles, 551 F.3d 898 (9th Cir. 2009), petition for cert. filed, 78 U.S.L.W. 3099 (U.S. Aug. 31, 2009). |
| 18 | Miss.—State v. Wood, 187 So. 2d 820 (Miss. 1966). |

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.