§ 356. Regulation of occupations pursuant to police power,..., 16A Am. Jur. 2d...

Case 1:22-cv-00080-JMS-DLP   Document 1-18   Filed 01/13/22   Page 1 of 2 PageID #: 63

Cause #                                Exhibit O

# 16A Am. Jur. 2d Constitutional Law § 356

**American Jurisprudence, Second Edition** | November 2021 Update

**Constitutional Law**
Barbara J. Van Arsdale, J.D.; James Buchwalter, J.D; Paul M. Coltoff, J.D.; John A. Gebauer, J.D.; Lonnie E. Griffith, Jr., J.D.; Janice Holben, J.D.; Sonja Larsen, J.D.; Lucas Martin, J.D.; Anne E. Melley, J.D., LL.M., of the staff of the National Legal Research Group, Inc.; Kristina E. Music Biro, J.D., of the staff of the National Legal Research Group, Inc.; Karl Oakes, J.D.; Karen L. Schultz, J.D.; Jeffrey J. Shampo, J.D.; and Kimberly C. Simmons, J.D.

VIII. Police Power

B. Exercise of Police Power

3. Regulation and Prohibition of Occupations and Businesses

a. Occupations and Businesses Subject to Control

## § 356. Regulation of occupations pursuant to police power, generally

Topic Summary | Correlation Table | References

---

**West's Key Number Digest**

    West's Key Number Digest, States🔑21(2)

---

A state may lawfully exercise its police power to protect the public health, safety, welfare, and morals by promulgating laws and regulations that reasonably regulate occupations.[1] However, an overbroad statute violates substantive due process by depriving a person of a constitutionally protected interest through means which are not rationally related to a valid state objective because it sweeps unnecessarily broadly.[2] The right of an individual to engage in any of the common occupations of life is among the several fundamental liberties protected by the Due Process and Equal Protection Clauses of the 14th Amendment.[3] However, neither the federal nor any state constitution secures to any person the liberty to conduct a business so as to injure the public at large or any substantial group.[4] A statute constitutionally can prohibit an individual from practicing a lawful profession only for reasons related to the individual's fitness or competence to practice that profession.[5] Before the police power of the state is used to prohibit the conduct of an individual as unprofessional, offending actions that do not fall clearly within the scope of the proscription must be explicitly defined as wrongful.[6]

An individual who has obtained the license required to engage in a particular profession or vocation has a fundamental vested right to continue in that activity.[7] However, this general right to engage in a trade, profession, or business is subject to the power inherent in the state to make necessary rules and regulations governing the use and enjoyment of property necessary for the preservation of the public health, morals, comfort, order, and safety.[8] A regulation of this type does not deprive owners of property without due process of law.[9] No person can acquire a vested right to continue, when once licensed, in a business, trade,

Case 1:22-cv-00080-JMS-DLP   Document 1-18   Filed 01/13/22   Page 2 of 2 PageID #: 64

§ 356. Regulation of occupations pursuant to police power,..., 16A Am. Jur. 2d...

or occupation that is subject to legislative control under the police powers.[10] Although a license, as a species of property, may require the government to afford an appropriate process before imposing restrictions, the people, either directly or through their legislature, may alter the substantive terms of a promise not to interfere in private economic transactions.[11]

© 2021 Thomson Reuters. 33-34B © 2021 Thomson Reuters/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

Footnotes

| | |
|---|---|
| 1 | Bennett v. Bureau of Professional and Occupational Affairs, 214 A.3d 728 (Pa. Commw. Ct. 2019). |
| 2 | Diwara v. State Board of Cosmetology, 852 A.2d 1279 (Pa. Commw. Ct. 2004). |
| 3 | Hughes v. Board of Architectural Examiners, 17 Cal. 4th 763, 72 Cal. Rptr. 2d 624, 952 P.2d 641 (1998). As to constitutional rights respecting the right to engage in a business or occupation, generally, see § 638. |
| 4 | § 639. |
| 5 | Hughes v. Board of Architectural Examiners, 17 Cal. 4th 763, 72 Cal. Rptr. 2d 624, 952 P.2d 641 (1998). |
| 6 | State v. C.M.B. III Enterprises, Inc., 734 N.E.2d 653 (Ind. Ct. App. 2000) (involving disciplinary sanctions on a real estate corporation and real estate brokers). |
| 7 | Hughes v. Board of Architectural Examiners, 17 Cal. 4th 763, 72 Cal. Rptr. 2d 624, 952 P.2d 641 (1998). |
| 8 | Hughes v. Board of Architectural Examiners, 17 Cal. 4th 763, 72 Cal. Rptr. 2d 624, 952 P.2d 641 (1998). |
| 9 | Hughes v. Board of Architectural Examiners, 17 Cal. 4th 763, 72 Cal. Rptr. 2d 624, 952 P.2d 641 (1998). An alleged midwife, in an action to enjoin the alleged midwife from the unlicensed practice of nursing or midwifery following a "water delivery" which resulted in the death of a newborn, was not denied her liberty and property interest in her employment as a traditional midwife; the regulation of the nursing practice contained within the Nursing and Advanced Practice Nursing Act is designed to protect the health and safety of the public. People ex rel. Sherman v. Cryns, 203 Ill. 2d 264, 271 Ill. Dec. 881, 786 N.E.2d 139 (2003). |
| 10 | Hughes v. Board of Architectural Examiners, 17 Cal. 4th 763, 72 Cal. Rptr. 2d 624, 952 P.2d 641 (1998). |
| 11 | National Paint & Coatings Ass'n v. City of Chicago, 45 F.3d 1124 (7th Cir. 1995) (holding that the right to buy spray paint is not a "fundamental right" such that a statute prohibiting the sale of spray paint within the city could be considered a violation of store owners' substantive due process interests). |

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.