Case 1:22-cv-00080-JMS-DLP   Document 1-20   Filed 01/13/22   Page 1 of 2 PageID #: 66

§ 36. Constitutional basis of requirement of public purpose, 71 Am. Jur. 2d State and...

Cause #                                                                 Exhibit Q

## 71 Am. Jur. 2d State and Local Taxation § 36

**American Jurisprudence, Second Edition** | November 2021 Update

**State and Local Taxation**
John Bourdeau, J.D., Romualdo P. Eclavea, J.D., Janice Holben, J.D., Alan J. Jacobs, J.D., Sonja Larsen, J.D., Jack K. Levin, J.D., Anne E. Melley, J.D., LL.M., of the staff of the National Legal Research Group, Inc., Jeffrey J. Shampo, J.D., and Eric C. Surette, J.D.

Part One. General Principles

V. Purposes

A. General Requisites; Public Purpose

1. In General

## § 36. Constitutional basis of requirement of public purpose

Topic Summary | Correlation Table | References

> **West's Key Number Digest**
>
> West's Key Number Digest, Constitutional Law 🗝 4137
>
> West's Key Number Digest, States 🗝 114, 119
> West's Key Number Digest, Taxation 🗝 2010 to 2012, 2070 to 2072, 2119

While it is generally agreed that an attempt to raise money by taxation for private purposes is unconstitutional, the authorities are not in agreement in respect to what constitutional provision is thereby violated, some states expressly limiting the power of taxation to purposes which are public in their **nature**.[1] Other states deem taxation for a private purpose as a taking of **property** for a use not public in violation of the constitutional provision which is usually considered as a limitation on the power of eminent domain.[2] In still other states, the levy of a tax for a purpose not public has been declared to be inconsistent with the republican form of government **guaranteed** by the constitution.[3] The levy of what purports to be a tax for a purpose not public is most obviously objectionable as the taking of the **property** of the persons assessed without due process of law, and to impose it is a mere spoliation of the individual without the sanction of any of the precedents constituting due process of law.[4] The **right of** private **property**, **guaranteed** by the state and federal constitutions, is subject to the governmental power of taxation, but the power to tax can be exercised only to raise money for a purpose public in **nature**.[5]

© 2021 Thomson Reuters. 33-34B © 2021 Thomson Reuters/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

Footnotes

[1]     Ogrinz v. James, 309 Md. 381, 524 A.2d 77 (1987); Ashland Cty. Bd. of Commrs. v. Ohio Dept. of Taxation, 63 Ohio St. 3d 648, 590 N.E.2d 730, 73 Ed. Law Rep. 1124 (1992).

[2]     In re Municipal Fuel Plants, 182 Mass. 605, 66 N.E. 25 (1903).

**§ 36. Constitutional basis of requirement of public purpose, 71 Am. Jur. 2d State and...**

| | |
|---|---|
| [3] | Beach v. Bradstreet, 85 Conn. 344, 82 A. 1030 (1912). |
| [4] | Green v. Frazier, 253 U.S. 233, 40 S. Ct. 499, 64 L. Ed. 878 (1920). |
| [5] | State v. City of Stuart, 97 Fla. 69, 120 So. 335, 64 A.L.R. 1307 (1929); City of Cleveland v. Ruple, 130 Ohio St. 465, 5 Ohio Op. 69, 200 N.E. 507, 103 A.L.R. 853 (1936). |

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.