Case 1:22-cv-00080-JMS-DLP Document 1-21 Filed 01/13/22 Page 1 of 3 PageID #: 68

§ 156. Nexus between state and use of property being taxed, 67B Am. Jur. 2d Sales...

Cause #            Exhibit R

**67B Am. Jur. 2d Sales and Use Taxes § 156**

American Jurisprudence, Second Edition | November 2021 Update

**Sales and Use Taxes**
Eleanor L. Grossman, J.D., of the staff of the National Legal Research Group, Inc.

II. Use Taxes

B. Constitutionality of Statute Imposing Use Tax

2. Particular Constitutional Grounds Affecting Use Tax

b. Effect of Commerce Clause on Use Tax

## § 156. Nexus between state and use of property being taxed

Topic Summary | Correlation Table | References

---

**West's Key Number Digest**

West's Key Number Digest, Taxation 3609, 3621, 3626 to 3633

---

**A.L.R. Library**

Validity, Construction, and Application of Sales, Use, and Utility Taxes on Retail Transactions of Internet Sellers and Internet Access Providers, 30 A.L.R.6th 341

Sufficient nexus for state to require foreign entity to collect state's compensating, sales, or use tax—post-Complete Auto Transit cases, 71 A.L.R.5th 671

---

For a use tax to meet the first prong of the test for constitutionality under the Commerce Clause, that is, the requirement that the state have a sufficient nexus with the use of the property being taxed,[1] the taxpayer must substantially avail itself of the privilege of doing business in the taxing state.[2] Nexus may be established by substantial economic and virtual contacts, as well as by physical presence. An out-of-state seller's physical presence in the taxing state is no longer necessary to establish nexus for the state to require the seller to collect and remit its sales tax.[3]

**Case 1:22-cv-00080-JMS-DLP   Document 1-21   Filed 01/13/22   Page 2 of 3 PageID #: 69**

§ 156. Nexus between state and use of property being taxed, 67B Am. Jur. 2d Sales...

> **Observation:**
>
> The required nexus can be either between the use sought to be taxed and the state or between the person or entity that the state is seeking to tax and the state.[4]

The requisite nexus to impose a use tax generally has been found when the out-of-state retailer arranges for local representatives to make sales within the taxing state,[5] although under some authority, in order for a sufficient nexus to exist for purposes of imposing a use tax, the local representatives must be employees or agents of the out-of-state company, able to bind the company, and under the company's control.[6] However, when the foreign retailer has no direct personal contacts in the taxing state or does its business only by mail, the requisite nexus usually does not exist.[7] This nexus requirement and analysis has been applied to Internet sellers as well as traditional retailers to determine if the imposition of use taxes is constitutional under the Commerce Clause.[8]

© 2021 Thomson Reuters. 33-34B © 2021 Thomson Reuters/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

Footnotes

| | |
|---|---|
| 1 | § 155. |
| 2 | Current, Inc. v. State Bd. of Equalization, 24 Cal. App. 4th 382, 29 Cal. Rptr. 2d 407 (1st Dist. 1994); Saudi Refining, Inc. v. Director of Revenue, 715 A.2d 89 (Del. Super. Ct. 1998); Insinger Mach. Co. v. Philadelphia Tax Review Bd. (TRB), 165 Pa. Commw. 344, 645 A.2d 365 (1994). |
| 3 | § 22. |
| 4 | Saudi Refining, Inc. v. Director of Revenue, 715 A.2d 89 (Del. Super. Ct. 1998); AT&T Communications of Maryland, Inc. v. Comptroller of Treasury, 405 Md. 83, 950 A.2d 86 (2008).<br>The imposition of a use tax on a corporate yacht that was docked in New Jersey for 69 days and 46 days did not violate the Commerce Clause; a sufficient nexus existed to justify taxation by New Jersey since the yacht was docked in New Jersey, and the tax did not discriminate against interstate commerce because it was imposed uniformly on residents and nonresidents and property in intrastate and interstate commerce. Lady Frances, LLC v. Director, Div. of Taxation, 24 N.J. Tax 545, 2009 WL 1174979 (2009). |
| 5 | Florida Dept. of Revenue v. Share Intern., Inc., 667 So. 2d 226 (Fla. 1st DCA 1995), decision approved, 676 So. 2d 1362 (Fla. 1996); Gillette Co. v. Department of Treasury, 198 Mich. App. 303, 497 N.W.2d 595 (1993).<br>A substantial nexus existed under the commerce clause between an out-of-state book retailer and state teachers to justify the imposition of sales or use taxes on the retailer for book sales because the teachers were the retailer's representatives, even though there was no agreement compelling the teachers to serve as agents or sellers of the retailer's products and the teachers received no direct compensation from the retailer. By taking the students' book orders, delivering the ordered books, and resolving all complaints and problems arising following the delivery of the retailers' books, the teachers served as the only means through which retailer communicated with students. Scholastic Book Clubs, Inc. v. Commissioner of Revenue Services, 304 Conn. 204, 38 A.3d 1183 (2012). |
| 6 | Pledger v. Troll Book Clubs, Inc., 316 Ark. 195, 871 S.W.2d 389 (1994); Scholastic Book Clubs, Inc. v. State, Dept. of Treasury, Revenue Div., 223 Mich. App. 576, 567 N.W.2d 692 (1997). |

Case 1:22-cv-00080-JMS-DLP Document 1-21 Filed 01/13/22 Page 3 of 3 PageID #: 70

§ 156. Nexus between state and use of property being taxed, 67B Am. Jur. 2d Sales...

| 7 | Current, Inc. v. State Bd. of Equalization, 24 Cal. App. 4th 382, 29 Cal. Rptr. 2d 407 (1st Dist. 1994); Department of Revenue v. Share Intern., Inc., 676 So. 2d 1362 (Fla. 1996). |
| --- | --- |
| 8 | Borders Online v. State Bd. of Equalization, 129 Cal. App. 4th 1179, 29 Cal. Rptr. 3d 176 (1st Dist. 2005). |

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.