Cause #                      Exhibit S

## 16B Am. Jur. 2d Constitutional Law § 634

**American Jurisprudence, Second Edition** | November 2021 Update

**Constitutional Law**
Barbara J. Van Arsdale, J.D.; James Buchwalter, J.D; Paul M. Coltoff, J.D.; John A. Gebauer, J.D.; Lonnie E. Griffith, Jr., J.D.; Janice Holben, J.D.; Sonja Larsen, J.D.; Lucas Martin, J.D.; Anne E. Melley, J.D., LL.M., of the staff of the National Legal Research Group, Inc.; Kristina E. Music Biro, J.D., of the staff of the National Legal Research Group, Inc.; Karl Oakes, J.D.; Karen L. Schultz, J.D.; Jeffrey J. Shampo, J.D.; and Kimberly C. Simmons, J.D.

IX. Fundamental Constitutional Rights and Privileges

C. Particular Fundamental Constitutional Rights

3. Property

a. Meaning and Import of Property and Property Rights

### § 634. Particular property rights in context of constitutionally guaranteed property rights

Topic Summary | Correlation Table | References

---

**West's Key Number Digest**

    West's Key Number Digest, Constitutional Law 🔑1109 to 1111

---

An owner cannot be deprived of any of the essential attributes which belong to the right of property.[1] Included within the right of property which is constitutionally protected are the rights to acquire,[2] possess,[3] hold, enjoy,[4] use,[5] manage,[6] insure,[7] defend and protect,[8] and improve[9] property, and the right to devote property to any legitimate use.[10] Indeed, the substantial value of property lies in its use; if the right of use is denied, the value of the property is annihilated and ownership is rendered a barren right.[11] The constitutional right to acquire, possess, and protect property is not limited to any particular amount of property.[12]

A very important incident of the right of property is the right to dispose of it.[13] The right to buy, sell, barter, and exchange property is a necessary incident to its ownership and, subject to reasonable regulation, is as much protected by the constitution as is the ownership itself;[14] similarly protected is the right to enter into contracts in relation to property.[15] However, the right to will or inherit property usually has been held not be a constitutionally protected property right.[16]

    © 2021 Thomson Reuters. 33-34B © 2021 Thomson Reuters/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

Footnotes

Case 1:22-cv-00080-JMS-DLP   Document 1-22   Filed 01/13/22   Page 2 of 2 PageID #: 72

§ 634. Particular property rights in context of..., 16B Am. Jur. 2d...

| | |
|---|---|
| 1 | Coffeyville Vitrified Brick & Tile Co. v. Perry, 69 Kan. 297, 76 P. 848 (1904); Wright v. Hart, 182 N.Y. 330, 75 N.E. 404 (1905) (overruled in part on other grounds by, Klein v. Maravelas, 219 N.Y. 383, 114 N.E. 809 (1916)). |
| 2 | Cap F. Bourland Ice Co. v. Franklin Utilities Co., 180 Ark. 770, 22 S.W.2d 993, 68 A.L.R. 1018 (1929); State v. City of Stuart, 97 Fla. 69, 120 So. 335, 64 A.L.R. 1307 (1929); Scottish American Mortg. Co. v. Minidoka County, 47 Idaho 33, 272 P. 498, 65 A.L.R. 663 (1928); Honomichl v. Valley View Swine, LLC, 914 N.W.2d 223 (Iowa 2018); Kenton & Campbell Benev. Burial Ass'n v. Goodpaster, 304 Ky. 233, 200 S.W.2d 120 (1946); Malone v. City of Omaha, 294 Neb. 516, 883 N.W.2d 320 (2016); Loundsbury v. City of Keene, 122 N.H. 1006, 453 A.2d 1278 (1982); Appeal of Perrin, 305 Pa. 42, 156 A. 305, 79 A.L.R. 912 (1931). |
| 3 | Johnson v. Lower Elwha Tribal Community of Lower Elwha Indian Reservation, Washington, 484 F.2d 200 (9th Cir. 1973); Honomichl v. Valley View Swine, LLC, 914 N.W.2d 223 (Iowa 2018); Loundsbury v. City of Keene, 122 N.H. 1006, 453 A.2d 1278 (1982). |
| 4 | Sterling v. Constantin, 287 U.S. 378, 53 S. Ct. 190, 77 L. Ed. 375 (1932); Honomichl v. Valley View Swine, LLC, 914 N.W.2d 223 (Iowa 2018); Labrayere v. Bohr Farms, LLC, 458 S.W.3d 319 (Mo. 2015); Grondin v. Town of Hinsdale, 122 N.H. 882, 451 A.2d 1299 (1982); City of Akron v. Chapman, 160 Ohio St. 382, 52 Ohio Op. 242, 116 N.E.2d 697, 42 A.L.R.2d 1140 (1953); Township of Exeter v. Zoning Hearing Bd. of Exeter Tp., 599 Pa. 568, 962 A.2d 653 (2009). |
| 5 | Labrayere v. Bohr Farms, LLC, 458 S.W.3d 319 (Mo. 2015). |
| 6 | Schafer v. Haller, 108 Ohio St. 322, 1 Ohio L. Abs. 485, 140 N.E. 517, 30 A.L.R. 1378 (1923). |
| 7 | Kusnetzky v. Security Ins. Co., 313 Mo. 143, 281 S.W. 47, 45 A.L.R. 189 (1926). |
| 8 | Kentucky Fried Chicken of Cal., Inc. v. Superior Court, 14 Cal. 4th 814, 59 Cal. Rptr. 2d 756, 927 P.2d 1260 (1997); Loundsbury v. City of Keene, 122 N.H. 1006, 453 A.2d 1278 (1982); State v. Webber, 85 Or. App. 347, 736 P.2d 220 (1987); Sammons v. American Auto. Ass'n, 912 P.2d 1103 (Wyo. 1996). |
| 9 | White Bros. & Crum Co. v. Watson, 64 Wash. 666, 117 P. 497 (1911). |
| 10 | State of Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116, 49 S. Ct. 50, 73 L. Ed. 210, 86 A.L.R. 654 (1928); Terrace v. Thompson, 263 U.S. 197, 44 S. Ct. 15, 68 L. Ed. 255 (1923); City of Akron v. Chapman, 160 Ohio St. 382, 52 Ohio Op. 242, 116 N.E.2d 697, 42 A.L.R.2d 1140 (1953). |
| 11 | City of Akron v. Chapman, 160 Ohio St. 382, 52 Ohio Op. 242, 116 N.E.2d 697, 42 A.L.R.2d 1140 (1953). |
| 12 | Hamilton v. Williams, 145 Fla. 697, 200 So. 80 (1941). |
| 13 | Terrace v. Thompson, 263 U.S. 197, 44 S. Ct. 15, 68 L. Ed. 255 (1923); Malone v. City of Omaha, 294 Neb. 516, 883 N.W.2d 320 (2016) (right to sell); National City Bank of New York v. Del Sordo, 16 N.J. 530, 109 A.2d 631 (1954); City of Akron v. Chapman, 160 Ohio St. 382, 52 Ohio Op. 242, 116 N.E.2d 697, 42 A.L.R.2d 1140 (1953). |
| 14 | Metropolitan Trust Co. v. Jones, 384 Ill. 248, 51 N.E.2d 256, 149 A.L.R. 1416 (1943). An individual's right to dispose of private property is subject to reasonable statutory restrictions and the reasonable exercise of the police power. Lakeside Imports, Inc. v. State, 639 So. 2d 253 (La. 1994). |
| 15 | § 640. |
| 16 | Am. Jur. 2d, Wills § 48. |

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.