Case 1:22-cv-00080-JMS-DLP   Document 1-23   Filed 01/13/22   Page 1 of 2 PageID #: 73

§ 42. Theft of personal property as affecting owner's title..., 63C Am. Jur. 2d...

Cause #                                              Exhibit T

### 63C Am. Jur. 2d Property § 42

**American Jurisprudence, Second Edition** | November 2021 Update

**Property**
Jeffrey J. Shampo, J.D.

**V. Extinguishment or Loss; Alienation and Transfer**

### § 42. Theft of personal property as affecting owner's title and rights

Topic Summary | Correlation Table | References

> **West's Key Number Digest**
> West's Key Number Digest, Property 1, 7, 12

A property owner's rights are superior to any rights of a subsequent possessor who has stolen the property or purchased stolen property.[1] Indeed, the theft of goods or chattels does not divest one who owns, or has title to, such property from his or her ownership of the property,[2] since one cannot make good title to that which he or she does not own.[3] The owner may follow and reclaim the stolen goods wherever he or she may find them.[4] If possession of the stolen goods by an innocent subsequent purchaser may be deemed lawful, it is rendered unlawful by his or her refusal to honor a demand by the true owner for their possession.[5] Even though such a purchaser may be treated as having title and the right to possession as against everyone but the rightful owner, a sale by the thief or by any person claiming under the thief does not vest any title in the purchaser as against the owner, although the sale was made in the ordinary course of trade and the purchaser acted in good faith.[6] However, one without knowledge that money transferred to him or her has been obtained through a felony, who receives it honestly and in good faith, although from the thief, acquires good title to it even as against the true owner.[7]

The owner may, through an appropriate action or proceeding, recover the stolen goods[8] or their value,[9] either from the thief[10] or from the estate of the thief,[11] or from any other person who has not acquired such title and into whose possession they have come, whether innocently or otherwise.[12] Thus, where an automobile which was allegedly purchased with cash stolen in the course of a bank robbery, and which was seized by federal officers upon the arrest of the suspected robbers, has been purportedly assigned by the suspects, before their conviction, to attorneys acting on their behalf in the prosecution, such attorneys cannot claim to have the status of bona fide purchasers for value, since they could not have been oblivious to the "large black cloud" hovering over the interest of the suspects in the chattel, and in that event, the attorneys stand in no better position than the robbery suspects.[13]

© 2021 Thomson Reuters. 33-34B © 2021 Thomson Reuters/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

**Footnotes**

[1]   Sharpe v. Turley, 191 S.W.3d 362 (Tex. App. Dallas 2006).

[2]   Supulver v. Gilchrist & Dawson, 1922-NMSC-060, 28 N.M. 339, 211 P. 595 (1922).

**§ 42. Theft of personal property as affecting owner's title..., 63C Am. Jur. 2d...**

| | |
|---|---|
| 3 | Smith v. Hooker/Barnes, Inc., 253 Ga. 514, 322 S.E.2d 268 (1984). |
| 4 | U. S. Fidelity & Guaranty Co. v. Moore, 306 F. Supp. 1088 (N.D. Miss. 1969); Bozeman Mortuary Ass'n v. Fairchild, 253 Ky. 74, 68 S.W.2d 756, 92 A.L.R. 419 (1934) (stating that public welfare and public policy will not allow one to assert any rights to stolen property, or to anything he or she spends or puts on it, as against the owner). |
| 5 | Employers' Fire Ins. Co. v. Cotten, 245 N.Y. 102, 156 N.E. 629, 51 A.L.R. 1462 (1927). |
| 6 | Eureka Springs Sales Co. v. Ward, 226 Ark. 424, 290 S.W.2d 434 (1956). |
| 7 | U. S. Fidelity & Guaranty Co. v. Moore, 306 F. Supp. 1088 (N.D. Miss. 1969); Sinclair Houston Federal Credit Union v. Hendricks, 268 S.W.2d 290, 44 A.L.R.2d 1234 (Tex. Civ. App. Galveston 1954), writ refused n.r.e. |
| 8 | Sinclair Houston Federal Credit Union v. Hendricks, 268 S.W.2d 290, 44 A.L.R.2d 1234 (Tex. Civ. App. Galveston 1954), writ refused n.r.e. |
| 9 | Sinclair Houston Federal Credit Union v. Hendricks, 268 S.W.2d 290, 44 A.L.R.2d 1234 (Tex. Civ. App. Galveston 1954), writ refused n.r.e. |
| 10 | Bozeman Mortuary Ass'n v. Fairchild, 253 Ky. 74, 68 S.W.2d 756, 92 A.L.R. 419 (1934). |
| 11 | Lightfoot v. Davis, 198 N.Y. 261, 91 N.E. 582 (1910). |
| 12 | Bozeman Mortuary Ass'n v. Fairchild, 253 Ky. 74, 68 S.W.2d 756, 92 A.L.R. 419 (1934). |
| 13 | U. S. Fidelity & Guaranty Co. v. Moore, 306 F. Supp. 1088 (N.D. Miss. 1969). |

**End of Document**      © 2021 Thomson Reuters. No claim to original U.S. Government Works.