Cause #                      Exhibit Y

## 7 C.J.S. Assistance, Writ of § 12

**Corpus Juris Secundum** | November 2021 Update

**Assistance, Writ of**
Thomas Muskus, J.D.

**II. Proceedings to Procure Writ**

## § 12. Issues, hearing, and evidence

Topic Summary | References | Correlation Table

---

**West's Key Number Digest**

West's Key Number Digest, Assistance, Writ of ⚷ 8

---

**The only matter which will be considered in passing on the application for a writ of assistance is whether the applicant is entitled to be put in possession under the decree; the parties are entitled to be heard on the application.**

Upon an application for a writ of assistance, any question determined by the original decree cannot be relitigated,[1] and the original case cannot be reviewed or the decree therein modified.[2] The legal or equitable title will not be tried or adjudicated.[3] The only issues in the proceeding are the right to possession of the property involved as determined under the decree[4] and whether the person against whom it is asked, if not a party to the suit, came into possession pendente lite under one of the parties.[5] Stated otherwise, the sole question to be determined is whether applicant has a right, as against the party in possession, to use the writ to obtain possession.[6] In the absence of any claim of an independent paramount title, the only question on such application is whether the decree has or has not been complied with.[7] The proceeding is not an appropriate one in which to try causes of action for the breach of collateral undertakings or contracts.[8]

*Hearing.*

Where allegations of an independent right are controverted, the court should hear testimony, at least to establish prima facie the existence of the right asserted, and cannot properly dismiss the application for a writ on the pleadings.[9] The parties to such a proceeding are not entitled to a jury trial[10] or to a special finding of facts.[11] In any event, any findings of a jury in the proceeding are only advisory.[12]

Once a third party introduces evidence that it is entitled to personal property that has been levied upon by a writ of possession, the burden shifts to the creditor to establish that its claim is superior.[13]

---

*Evidence.*

The showing in support of an independent right or claim urged in opposition to the motion should be sufficient to call for the exercise of a judicial discretion.[14] Mere allegations of new or independent title in respondent's answer are not sufficient as even a prima facie showing and do not justify refusal of the writ, at least where such allegations are controverted,[15] and where the case made by the applicant's controverting affidavits is stronger than that made by the affidavits supporting the claim, issuance of the writ is proper.[16] A showing of possession at the time of the decree and of a refusal to surrender it on demand coupled with the fact of application for the writ and resistance thereto on other grounds sufficiently sustains a finding that the party against whom it issues remains in possession at the time of issuance of the writ.[17]

*Due process.*

Where (1) the condemnee was present in court when the city presented its petition for a writ of assistance; (2) the condemnee was given time to file a written answer to the petition and the matter was continued; (3) during the following two months before the writ issued, the case was before the trial court on approximately eight separate occasions and the condemnee was represented by counsel throughout the proceedings; and (4) no relevant evidence was produced to bar issuance of a writ of assistance, the condemnee was not denied due process.[18]

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| 1 | Idaho—Eagle Rock Corporation v. Idamont Hotel Co., 60 Idaho 639, 95 P.2d 838 (1939).<br>Ill.—Stubbs v. Austin, 285 Ill. App. 535, 2 N.E.2d 358 (1st Dist. 1936).<br>Ind.—Rooker v. Fidelity Trust Co., 196 Ind. 373, 145 N.E. 493 (1924).<br>**Res judicata**<br>Insofar as a condemnee's arguments on a petition for writ of assistance related to the prior condemnation proceeding and the issue of ownership of the property, the condemnee was barred from relitigating those issues under the doctrine of res judicata.<br>Ill.—City of Chicago v. Walker, 61 Ill. App. 3d 1050, 18 Ill. Dec. 578, 377 N.E.2d 1214 (1st Dist. 1978). |
| 2 | Idaho—Eagle Rock Corporation v. Idamont Hotel Co., 60 Idaho 639, 95 P.2d 838 (1939).<br>N.C.—Southern State Bank v. Leverette, 187 N.C. 743, 123 S.E. 68 (1924). |
| 3 | Ark.—Calvert v. Haley, 218 Ark. 752, 238 S.W.2d 664 (1951).<br>Idaho—Eagle Rock Corporation v. Idamont Hotel Co., 60 Idaho 639, 95 P.2d 838 (1939).<br>Ill.—Dillenburg v. Hellgren, 371 Ill. 452, 21 N.E.2d 393 (1939); Stubbs v. Austin, 285 Ill. App. 535, 2 N.E.2d 358 (1st Dist. 1936).<br>S.C.—Pipkin v. Fletcher, 165 S.C. 98, 162 S.E. 774 (1932). |
| 4 | Ill.—City of Chicago v. Walker, 61 Ill. App. 3d 1050, 18 Ill. Dec. 578, 377 N.E.2d 1214 (1st Dist. 1978).<br>Ind.—TeWalt v. TeWalt, 421 N.E.2d 415 (Ind. Ct. App. 1981). |
| 5 | Ill.—City of Chicago v. Walker, 61 Ill. App. 3d 1050, 18 Ill. Dec. 578, 377 N.E.2d 1214 (1st Dist. 1978). |
| 6 | Idaho—Eagle Rock Corporation v. Idamont Hotel Co., 60 Idaho 639, 95 P.2d 838 (1939).<br>Ill.—Dillenburg v. Hellgren, 371 Ill. 452, 21 N.E.2d 393 (1939).<br>N.J.—Strong v. Smith, 68 N.J. Eq. 686, 60 A. 66 (Ch. 1905), aff'd, 68 N.J. Eq. 686, 63 A. 493 (Ct. Err. & App. 1905) and aff'd, 203 U.S. 584, 27 S. Ct. 782, 51 L. Ed. 328 (1906). |
| 7 | Ind.—Rooker v. Fidelity Trust Co., 196 Ind. 373, 145 N.E. 493 (1924). |
| 8 | Mont.—Beck v. Kirk, 69 Mont. 592, 223 P. 499 (1924). |
| 9 | Mont.—State ex rel. Goodhue County Nat. Bank of Red Wing, Minn., v. District Court of Tenth Judicial Dist. in and for Fergus County, 96 Mont. 600, 31 P.2d 837 (1934). |
| 10 | Ind.—Rooker v. Fidelity Trust Co., 196 Ind. 373, 145 N.E. 493 (1924). |

| | |
|---|---|
| 11 | Ind.—Rooker v. Fidelity Trust Co., 196 Ind. 373, 145 N.E. 493 (1924). |
| 12 | Mont.—Fuller v. Gibbs, 122 Mont. 177, 199 P.2d 851 (1948). |
| 13 | Cal.—Oxford Street Properties, LLC v. Rehabilitation Associates, LLC, 206 Cal. App. 4th 296, 141 Cal. Rptr. 3d 704, 77 U.C.C. Rep. Serv. 2d 625 (2d Dist. 2012). |
| 14 | Mont.—State ex rel. Goodhue County Nat. Bank of Red Wing, Minn., v. District Court of Tenth Judicial Dist. in and for Fergus County, 96 Mont. 600, 31 P.2d 837 (1934). |
| 15 | Cal.—Pacific States Savings & Loan Co. v. Harwell, 204 Cal. 370, 268 P. 341 (1928).<br>Mont.—State ex rel. Goodhue County Nat. Bank of Red Wing, Minn., v. District Court of Tenth Judicial Dist. in and for Fergus County, 96 Mont. 600, 31 P.2d 837 (1934).<br>N.J.—McVoy v. Baumann, 95 N.J. Eq. 335, 125 A. 484 (Ct. Err. & App. 1923). |
| 16 | Mont.—Beck v. Kirk, 69 Mont. 592, 223 P. 499 (1924). |
| 17 | Ind.—Rooker v. Fidelity Trust Co., 196 Ind. 373, 145 N.E. 493 (1924). |
| 18 | Ill.—City of Chicago v. Walker, 61 Ill. App. 3d 1050, 18 Ill. Dec. 578, 377 N.E.2d 1214 (1st Dist. 1978). |

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.