Cause # Exhibit Z1

# 14 C.J.S. Civil Rights § 110

**Corpus Juris Secundum** | November 2021 Update

**Civil Rights**
James Buchwalter, J.D.; Paul M. Coltoff, J.D.; Cecily Fuhr, J.D.; Lonnie E. Griffith, Jr., J.D.; Michele Hughes, J.D.; Alan J. Jacobs, J.D.; William Lindsley, J.D.; Anne E. Melley, J.D., LL.M., of the staff of the National Legal Research Group, Inc.; Karl Oakes, J.D.; and Sally J.T. Necheles, J.D., LL.M.

V. Subjects, Programs, Activities, and Services Protected

D. Property Rights

2. Deprivation of Rights by Person Acting Under Color of Law

## § 110. Civil rights actions pertaining to zoning and land use

Topic Summary | References | Correlation Table

---

**West's Key Number Digest**

West's Key Number Digest, Civil Rights ⚷ 1073

---

**Under the Civil Rights Act, an action will lie in favor of any person whose property is taken for public use without just compensation by a municipality through a zoning regulation.**

Under the provision of the Civil Rights Act, providing that any person who under color of law deprives a citizen of any rights, privileges, or immunities secured by the United States Constitution and laws shall be liable to the party injured,[1] an action will lie in favor of any person whose property is taken for public use without just compensation by a municipality through a zoning regulation that denies to the owner any economically viable use thereof.[2] Even where no taking is involved, the overregulation of land by a municipality can give rise to an action under the Act,[3] and claims involving land use need not always show a regulatory taking.[4]

Zoning disputes do not give rise to a cause of action under the Act absent a specific allegation of a violation of a federal or constitutional right.[5] In the context of a zoning or land-use dispute, the plaintiff must show that the government action is something more than arbitrary, capricious, or in violation of state law.[6]

An individual may not enforce, through a civil rights action, limitations placed by the Telecommunications Act on regulation by local zoning authorities of facilities for wireless communications.[7]

*Review in federal courts.*

Generally, private individuals frustrated by the actions of local or state officials regarding land use may not seek review of those actions in federal court under the provision of the Civil Rights Act, providing that any person who, under color of law deprives a citizen of any rights, privileges, or immunities secured by the United States Constitution and laws shall be liable to the party injured.[8] Federal courts hearing civil rights cases do not sit as zoning boards of appeal over local zoning decisions.[9] The litigant must show that its recognized fundamental constitutional rights have been abridged.[10]

*Americans with Disabilities Act.*

The administration of zoning laws is a service, program, or activity within the meaning of the Americans with Disabilities Act's prohibition of discrimination in the services, programs, or activities of a public entity.[11] Thus, local governments are prohibited from administering zoning procedures in a manner that subjects persons with disabilities to discrimination on the basis of their disability.[12]

**CUMULATIVE SUPPLEMENT**

**Cases:**

Developer failed to establish, in his civil rights action alleging violation of equal protection clause, that county commissioners' denial of his application for special zoning designation was based on his status as nonresident of county, even though activist at hearing on application stated that she wanted to know where developer came from and that outside people were developing county; ten other citizens testified at hearing, there was no other comment or question on subject of developer's out-of-county residence, commissioner noted irrelevance of activist's comments, and, in ensuing debate among commissioners, no reference was made to activist's comments. U.S.C.A. Const.Amend. 14. Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810 (4th Cir. 1995).

**[END OF SUPPLEMENT]**

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| 1 | 42 U.S.C.A. § 1983. |
| 2 | U.S.—Hernandez v. City of Lafayette, 643 F.2d 1188 (5th Cir. 1981). |
| | **Destroying value of zoning decision** |
| | If the actions of city officials destroyed the value of landowners' zoning right and forced them to give up construction of a shopping center, they were deprived of their property right in a zoning classification even though the zoning classification was never actually revoked. |
| | U.S.—Westborough Mall, Inc. v. City of Cape Girardeau, Mo., 794 F.2d 330 (8th Cir. 1986). |
| | As to the Religious Land Use and Institutionalized Persons Act, see § 111. |
| 3 | U.S.—Vari-Build, Inc. v. City of Reno, 596 F. Supp. 673 (D. Nev. 1984). |
| 4 | Wash.—Grader v. City of Lynnwood, 53 Wash. App. 431, 767 P.2d 952 (Div. 1 1989). |
| 5 | U.S.—Patterson v. Omnipoint Communications, Inc., 122 F. Supp. 2d 222 (D. Mass. 2000), aff'd, 23 Fed. Appx. 17 (1st Cir. 2001). |
| 6 | S.D.—Tri County Landfill Ass'n, Inc. v. Brule County, 2002 SD 32, 641 N.W.2d 147 (S.D. 2002). |
| 7 | U.S.—City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005). |

| 8 | U.S.—Carter v. Rollins Cablevision of Massachusetts, Inc., 634 F. Supp. 944 (D. Mass. 1986), referring to 42 U.S.C.A. § 1983. |
| --- | --- |
| 9 | U.S.—Overhoff v. Ginsburg Development, L.L.C., 143 F. Supp. 2d 379 (S.D. N.Y. 2001). |
| 10 | U.S.—Carter v. Rollins Cablevision of Massachusetts, Inc., 634 F. Supp. 944 (D. Mass. 1986). |
| 11 | U.S.—Start, Inc. v. Baltimore County, Md., 295 F. Supp. 2d 569 (D. Md. 2003), referring to 42 U.S.C.A. § 12132. |
| 12 | U.S.—Pathways Psychosocial v. Town of Leonardtown, MD, 133 F. Supp. 2d 772 (D. Md. 2001). |

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.