Cause #  Exhibit Z2

## 7 C.J.S. Assistance, Writ of § 8

**Corpus Juris Secundum** | November 2021 Update

**Assistance, Writ of**
Thomas Muskus, J.D.

**II. Proceedings to Procure Writ**

## § 8. Defenses

Topic Summary | References | Correlation Table

> **West's Key Number Digest**
>
> West's Key Number Digest, Assistance, Writ of ⚷3

**In the face of a delay in proceeding to enforce a decree by application for writ of assistance, the writ may be withheld only where it appears that rights have arisen or been changed by reason of some subsequent agreement or happening rendering its issuance unjust.**

Delay in proceeding to enforce the decree by application for writ of assistance, or to comply with the conditions thereby imposed on applicant, is not of itself sufficient to establish a waiver of the right to the writ,[1] nor does it make out an estoppel, in the absence of justifiable reliance.[2] While the right to the writ may be lost by laches,[3] mere delay in applying for the writ does not of itself constitute a defense if it does not appear that any right adverse to the applicant accrued during the delay or is attributable thereto.[4] The question of what constitutes laches is a matter for the sound discretion of the court.[5] In the face of such delay, the writ may be withheld only where it appears that rights have arisen or been changed by reason of some subsequent agreement or happening rendering its issuance unjust.[6]

Matters which affect the decree, in aid of which the writ of assistance is requested, may not be set up as defenses in a proceeding to procure the writ because defendant, the defendant's representatives, and those claiming under the defendant are concluded on the merits.[7] Moreover, the court will consider the decree as finally adjudicating not only such matters as were actually determined but also such matters as should have been presented for determination.[8] This rule, however, does not preclude inquiry as to the jurisdiction of the court in the original cause.[9]

The regularity of a commissioner's action in connection with execution of the deed and return of sale cannot be collaterally attacked upon an application for a writ of assistance, and the commissioner will not be permitted to impeach his or her return or deed.[10] A person against whom the writ is sought may set up as a defense to its issuance a paramount title acquired by the person which has not been adjudicated.[11]

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

**§ 8. Defenses, 7 C.J.S. Assistance, Writ of § 8**

[1]  N.J.—McVoy v. Baumann, 95 N.J. Eq. 335, 125 A. 484 (Ct. Err. & App. 1923).

[2]  N.J.—McVoy v. Baumann, 95 N.J. Eq. 335, 125 A. 484 (Ct. Err. & App. 1923).

[3]  N.J.—New Jersey Bldg. Loan & Investment Co. v. Schatzkin, 72 N.J. Eq. 175, 64 A. 1086 (Ch. 1906).

[4]  Wis.—Prahl v. Rogers, 127 Wis. 353, 106 N.W. 287 (1906).

[5]  Neb.—Clark & Leonard Inv. Co. v. Lindgren, 76 Neb. 59, 107 N.W. 116 (1906).

[6]  Fla.—Hair v. Commercial Bank of Live Oak, 112 Fla. 499, 152 So. 180 (1933).
Neb.—Clark & Leonard Inv. Co. v. Lindgren, 76 Neb. 59, 107 N.W. 116 (1906).

[7]  Fla.—Hair v. Commercial Bank of Live Oak, 112 Fla. 499, 152 So. 180 (1933).
N.J.—Hackettstown Nat. Bank v. Smith, 126 N.J. Eq. 179, 8 A.2d 190 (Ch. 1939).
Tex.—Newman v. City of El Paso, 77 S.W.2d 721 (Tex. Civ. App. El Paso 1934), writ dismissed.

[8]  Tex.—Newman v. City of El Paso, 77 S.W.2d 721 (Tex. Civ. App. El Paso 1934), writ dismissed.

[9]  Tex.—Newman v. City of El Paso, 77 S.W.2d 721 (Tex. Civ. App. El Paso 1934), writ dismissed.

[10]  Cal.—Fay v. Stubenrauch, 2 Cal. App. 88, 83 P. 82 (3d Dist. 1905).

[11]  Fla.—Bunch v. High Springs Bank, 76 Fla. 546, 80 So. 319 (1918).

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.