Rebecca Hankins David Roach
20 Center Dr Crawfordsville Indiana
Zip exempt DMM 602 1.3 e2
765-562-7378

**FILED**
**09/25/2022**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

INDIANA FEDERAL DISTRICT COURT

SOUTHERN DISTRICT

| | |
|---|---|
| REBECCA JANE HANKINS, DAVID JAMES ROACH,<br><br>     Plaintiff,<br><br>vs.<br><br>SHERRI BENTLEY, MONTGOMERY COUNTY ASSESSOR, WINGATE PROPERTIES LLC BY VINCENT C. KREGEAR.35277-49, BY ATTORNEY WAYNE GREESON BAR# 12644-98 MOTNGOMERY COUNTY,<br><br>[DEFENDANT'S NAME],<br><br>     Defendant | Case No.: 1:22-cv-80-JMS-DLP<br><br>MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW |

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW
Dated this 25th day of September 2022

Comes now, Plaintiff Rebecca Jane:-Hankins & David James:-Roach to Motion for Summary judgment as a matter of law. Here in the instant case, the Montgomery County Assessor, Montgomery County, and Wingate Properties LLC didn't comply with the law requiring three different notices under **Indiana**'s statutory **tax sale** scheme: (1) pre-**sale notice** of the **tax sale**, Ind.Code. § 6-1.1-24-4; (2) post-**sale notice** of the right to redemption after the **tax sale**, Ind.Code. § 6-1.1-25-4.5; and (3) if real estate was not timely redeemed, **notice** of filing of a petition for **tax** deed Ind.Code § 6-1.1-25-4.6 (a) . Ind. Code 6-1.1-25-4.5(b) (1992) requires that notice by publication be given once each week for three consecutive weeks. Because plaintiff never received pre-**sale notice** & notice by publication wasn't given once each week for three consecutive weeks of the **tax sale, the District Court cannot claim plaintiff had notice and a chance to be heard.** "Failure to comply substantially with statutes governing tax sales renders void subsequent tax deeds

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 1

Under Trial Rule 60(B)(6) the tax deed is a void order plaintiff motions the Court to set aside defendants tax deed and return plaintiffs property for lack of the three 7 days' notice under Trial Rule 55(B) & for failure to comply with Ind. Code 6-1.1-25-4.5(b), for failure to comply with pre-**sale notice** of the **tax sale**, Ind.Code. § 6-1.1-24-4; (2) for failure to comply with Exhibit J 50 IAC 4.2-1-1.1 Primary definitions, (2)(n)(o)(2) "Personal property", for failure to comply with Exhibit G 84 C.J.S. Taxation § 151 Real property and appurtenances and interests therein and taxing conventional ownership, for failure to comply with Exhibit H 26 U.S.C.A. § 6334, I.R.C. § 6334. Property exempt from levy, for failure to comply with Exhibit 11A Indiana Code § 6-1.1-11-9 (a)(b), also for failure to comply with Exhibit A Code 6-1.1-2-7(1) (2) (3) exempt property. Because a tax assessment on exempt property is illegal." Id. , 95–2873, p. 7, 681 So.2d at 941. See: D90 Energy, LLC v. Jefferson Davis Par. Bd. of Review 289 So. 3d 615 (La. Ct. App. 2019)   Cited 1 time

"The United States Supreme Court has held that a state must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action' prior to taking steps which will affect a protected interest in life, liberty, or property." Id. (quoting Mennonite Bd. of Missions v. Adams,462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983)) see Lindsey v. Neher, 988 N.E.2d 1207, 1209 (Ind. App. 2013) Recognizing that, pursuant to Indiana Code section 6–1.1–25–16, "a person may, upon appeal, defeat the title conveyed by a tax deed," and because the statute does not provide its own procedures, the Indiana trial rules apply; thus, a proper procedural avenue for appealing the issuance of a tax deed is found in Trial Rule 60[B](6)".

Ind[iana]Trial Rule 60[B](6)" Kessen v. Graft, 694 N.E.2d 317, 320 (Ind. Ct. App. 1998), trans. denied. Rule 60(B)(6) provides that a trial court may relieve a party from the entry of judgment if the judgment is void. "Failure to comply substantially with statutes governing tax sales renders void subsequent tax deeds which deprive owners of their property." Lindsey v. Neher, 988 N.E.2d 1207, 1210 (Ind. Ct. App. 2003) (quoting Kessen, 694 N.E.2d at 320). As a general matter, a trial court's ruling on a Rule 60(B) motion Holding default judgment voidable for lack of three 7 days' notice under

Trial Rule 55(B) and affirming trial court's order setting aside default judgment under Trial Rule 60(B)(6).

We further note that Ind. Code 6-1.1-25-4.5(b) requires that notice by publication be given once each week for three consecutive weeks. The Grafts issued notice by publication one time, on November 4, 1992. Failure to comply substantially with statutes governing tax sales renders void subsequent tax deeds which deprive owners of their property. Smith v. Breeding, 586 N.E.2d 932, 935 (Ind. Ct. App. 1992) and cases cited therein. The trial court vacated its June 1996 order, wherein it found that the Grafts "did not properly obtain constitutionally adequate service see: Kessen v. Graft 694 N.E.2d 317 (Ind. Ct. App. 1998) Cited 20 times

Haas v. Haas, Court of Appeals Case No. 49A05-1706-CT-1260 (Ind. App. Nov. 22, 2017) Holding default judgment voidable for lack of the three 7 days' notice under Trial Rule 55(B) & Ind. Code 6-1.1-25-4.5(b) and affirming trial court's order setting aside default judgment.

1st The record shows Rebecca Jane:-Hankins & David James:-Roach repeatedly told the district court the state, and state actors, acted under color of law, and violated the fifth Amendment taking clause with a fraudulent tax sale on exempt property. Because a tax assessment on exempt property is illegal." Id. , 95–2873, p. 7, 681 So.2d at 941. See: D90 Energy, LLC v. Jefferson Davis Par. Bd. of Review 289 So. 3d 615 (La. Ct. App. 2019)   Cited 1 time

*In Allen v. Cooper*, 555 F. Supp. 3d 226 (E.D.N.C. 2021) the court held: that a property owner found to have a valid takings claim is entitled to compensation as if it had been "paid contemporaneously with the taking" also see: *Antonio v. Neighborhood Restore Hous. Dev. Fund Corp.*, 19-CV-11084 (LLS) (S.D.N.Y. Apr. 8, 2020) & *Hudson v. Judge Peter Forman*, 19-CV-9637 (CM) (S.D.N.Y. Nov. 22, 2019)

The Eleventh Amendment does not in some circumstances bar an action for damages against a state official charged with depriving a person of a federal right under color of state law, and the District Court acted prematurely and hence erroneously in dismissing the complaints as it did without affording petitioners any opportunity by subsequent proof to establish their claims. Pp. 235-238. *Scheuer v. Rhodes*, 416 U.S. 232, (1974)

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 3

For the purpose of this case, we assume an implied right of action under the fifth amendment for the alleged wrongful taking. found In *United States v. Lee,* 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882), the Supreme Court recognized a private cause of action under the fifth amendment to repossess land purchased by the United States at an allegedly fraudulent tax sale on exempt property,. See: *Oglala Sioux Tribe, Etc. v. United States*, 650 F.2d 140, 143 (8th Cir. 1981) *See also Jacobs v. United States,* 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142 (1933) (allowing suit for just compensation directly under the fifth amendment). *Jacobs v. United States*, 290 U.S. 13, 54 S. Ct. 26 (1933) Holding that interest is a part of the "just compensation" that is the constitutionally compelled remedy for a Takings Clause violation. In U.S. v. Lee, 106 U.S. 196, the Supreme Court ordered the national government to restore to the heirs of General Robert E. Lee the estate at Arlington which it had seized during the Civil War. See: *Rich Hill Coal Company et al. v. Bashore*, 334 Pa. 449, 7 A.2d 302 (Pa. 1939)

In United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, it was held that an individual might maintain an action for the possession of land against individuals wrongfully withholding possession from him, though the individuals were employees or officials of the United States and acting for it. The Court thus rectified the wrongful seizure by the United States of the George Washington Parke Custis estate, known as Arlington, upon which Arlington National Cemetery is now located. See: *Switzerland Company v. Udall*, 337 F.2d 56 (4th Cir. 1964)

2nd The record shows that Rebecca Jane:-Hankins & David James:-Roach repeatedly told the district court that the **state-court and state officials acted under color of law, while willfully and negligently disregarding** administrative state law, state statutes, federal law, and constitutional law, that govern and protected Rebecca Jane:-Hankins & David James:-Roach's property from being assessed for a tax. Here in the instant case, the Montgomery County Assessor, Montgomery County, and Wingate Properties LLC didn't comply with the following laws as well:

1st law Rebecca Jane:-Hankins & David James:-Roach presented to state courts/Administrative tribunals Federal District court,:

see Exhibit J 50 IAC 4.2-1-1.1 Primary definitions, (2)(n)(o)(2) "Personal property":

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 4

(1) has the meaning set forth in IC 6-1.1-1-11; and 50 IN ADC 4.2-1-1.1 © 2021

(2) also includes nonautomotive equipment attached to excise vehicles.

(n) "Personal property and real property guide" means a listing of items of machinery, equipment, or structures as to their accessibility as real or personal property for Indiana assessment purposes.

Generally, if the item is directly used for manufacturing or a process of manufacturing, it is to be considered as personal property. If the item is land or a building improvement, it is to be considered as real property.

(o) "Placed in service" means the asset is ready and available for a specific use whether in a trade or business, the production of income, or a tax-exempt activity. An asset is assessed until it is retired from service, an asset is retired property from service when it is permanently withdrawn from use by:

(1) sale or exchange of the property; **(2) conversion to personal use;** (3) abandonment; (4) transfer to a supply or scrap account; or (5) property is destroyed.

The state court falsely claim it was irrelevant and refused to address it. The district court and now 7th circuit has simply ignored Exhibit J 50 IAC 4.2-1-1.1 Primary definitions, (2)(n)(o)(2) "Personal property":  exist. Exhibit J 50 IAC 4.2-1-1.1 Primary definitions, (2)(n)(o)(2) "Personal property": makes it clear An asset is assessed until it is retired from service, an asset is retired property from service when it is permanently withdrawn from use by: **(2) conversion to personal use.**

2nd law Rebecca Jane:-Hankins & David James:-Roach presented to state courts/Administrative tribunals, district court:

Ind. Code 6-1.1-2-7(1) (2) (3) exempt property see: Exhibit A

The state court, district court, has simply ignored Exhibit A as well.

3rd law Rebecca Jane:-Hankins & David James:-Roach presented to state courts/Administrative tribunals, Federal District court:

See Exhibit 11A Indiana Code § 6-1.1-11-9 (a)(b)

IC 6-1.1-11-9 Assessment method; exemption for public properties

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 5

   Sec. 9. (a) Except as provided in subsection (b) of this section, all property otherwise subject to assessment under this article shall be assessed in the usual manner, whether or not it is exempt from taxation.

    (b) No assessment shall be made of property which is owned by the government of the United States, this state, an agency of this state, or a political subdivision of this state if the property is used, and in the case of real property occupied, by the owner.

   [Pre-1975 Property Tax Recodification Citation: 6-1-22-7 part.]

   *Formerly: Acts 1975, P.L.47, SEC.1. As amended by Acts 1977, P.L.2, SEC.20.*

  Exhibit 11A Indiana Code § 6-1.1-11-9 (a)(b) Makes it clear, no assessment shall be made of ==**real property occupied, by the owner**==.

  The state court, the Federal District court, has simply ignored Exhibit 11A Indiana Code § 6-1.1-11-9 (a)(b) exist.

  4th law Rebecca Jane:-Hankins & David James:-Roach presented to state courts/Administrative tribunals Federal District court,:

  see Exhibit H 26 U.S.C.A. § 6334, I.R.C. § 6334. Property exempt from levy (13) (i) any real property used as a residence by the taxpayer; or [residence meaning Home]

  The state court, the Federal District court, has simply ignored Exhibit H 26 U.S.C.A. § 6334, I.R.C. § 6334. Property exempt from levy.

  Exhibit H 26 U.S.C.A. § 6334, I.R.C. § 6334. Property exempt from levy Makes it clear, no assessment shall be made of any real property used as a residence by the taxpayer, [residence meaning Home].

  5th law Rebecca Jane:-Hankins & David James:-Roach presented to state courts/Administrative tribunals Federal District court,:

  **See Exhibit  G 84 C.J.S. Taxation § 151 Real property and appurtenances and interests therein.**

  No state can impose taxes on I Rebecca Jane:-Hankins & David James:-Roachs' conventional ownership of land/Real property thus no Tax Situs could have existed on

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 6

the real property in question.·· Although rights in lands are to be regarded in many respects as localized at the place where the land itself is located for purposes of taxation, **many legal interests in land other than conventional ownership** may be subjected to taxation in states other than the state in which the land is situated, such as the right to tax a valuable contract for the purchase of land located elsewhere[6] or the right to tax a mortgage on land located in another state.[7] **See Exhibit  G 84 C.J.S. Taxation § 151 Real property and appurtenances and interests therein.**

Under Trial Rule 60(B)(6) the tax deed is a void order plaintiff motions the Court to set aside defendants tax deed and return plaintiffs property for lack of the three 7 days' notice under Trial Rule 55(B) & for failure to comply with Ind. Code 6-1.1-25-4.5(b), for failure to comply with Exhibit J 50 IAC 4.2-1-1.1 Primary definitions, (2)(n)(o)(2) "Personal property", for failure to comply with Exhibit  G 84 C.J.S. Taxation § 151 Real property and appurtenances and interests therein and taxing conventional ownership,  for failure to comply with Exhibit H 26 U.S.C.A. § 6334, I.R.C. § 6334. Property exempt from levy, for failure to comply with Exhibit 11A Indiana Code § 6-1.1-11-9 (a)(b), also for failure to comply with Exhibit A Code 6-1.1-2-7(1) (2) (3) exempt property. Because a tax assessment on exempt property is illegal." Id. , 95–2873, p. 7, 681 So.2d at 941. See: D90 Energy, LLC v. Jefferson Davis Par. Bd. of Review 289 So. 3d 615 (La. Ct. App. 2019)   Cited 1 time

Property rights acquired under a statute, duly adjudged to be constitutional, are valid legal rights that are protected by the constitution, not by judicial decision. **See Exhibit K 16B Am. Jur. 2d Constitutional Law § 647Statutory property rights.**

 Recitals in public statutes of matters of fact are admissible as evidence of such facts1. It is the operative text of the legislation, not prefatory findings, that people must obey and that administrators and judges enforce.5 **See Exhibit L 82 C.J.S. Statutes § 393 Facts recited in statutes as evidence**

The Federal District court has violated the Code of Conduct for United States Judges Canon 2A Respect for Law. **A judge should respect and comply with the law** and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code. The 7th Circuit

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 7

and Federal District court judges have refused to acknowledge the aforementioned laws.

The state courts were bound by & violated:

41 IAC 1-2-3 (a) (b)

Sec. 3.

(a) An administrative law judge shall uphold and apply the law and shall perform all duties of an administrative law judge impartially.

(b) An administrative law judge must interpret and apply the law without regard to whether the administrative law judge approves or disapproves of the law in question.

3rd Because the state courts refused to acknowledge the aforementioned laws.

The record also shows that Rebecca Jane:-Hankins & David James:-Roach has repeatedly told the district court that the state courts have ignored the law & prevented Rebecca Jane:-Hankins & David James:-Roach full statements and documents from being on the record by ruling on matters without proper notice and by ruling in a 24 hour time period of case being filed before Rebecca Jane:-Hankins & David James:-Roach could even be served and respond.

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts or if the only issues to be resolved are questions of law.1 The primary purpose of summary judgment procedure is to determine whether there are any triable issues of fact requiring a formal trial on the merits2 rather than to decide factual disputes.3 Summary judgment also promotes the search for undisputed material facts that can be applied in the judicial decision-making process.4 The purpose of summary judgment is to eliminate trial in cases in which it is unnecessary and would only cause delay and expense.5 **See Exhibit AA 73 Am. Jur. 2d Summary Judgment § 1 Generally; nature and scope**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A genuine issue, within the rule that Summary Judgment may be granted if there are no genuine issues of material fact, has been variously described as **a "triable," "substantial," or "real" issue of fact and has been defined as one that can be maintained by substantial evidence.**

Rebecca Jane:-Hankins & David James:-Roach also relies on language from a passage in *American Jurisprudence* saying that "a challenge to the validity of a tax on exempt property … may be filed directly in district court." 72 Am. Jur. 2d *State and Local Taxation* § 683 (2022). Because a tax assessment on exempt property is illegal." Id. , 95–2873, p. 7, 681 So.2d at 941. See: D90 Energy, LLC v. Jefferson Davis Par. Bd. of Review 289 So. 3d 615 (La. Ct. App. 2019)   Cited 1 time

Since **Universal Citation:** LA Rev Stat § 47:2110 was Repealed so we can no longer see which district it was referring to.

However, we can still prove which district court ." 72 Am. Jur. 2d *State and Local Taxation* § 683 (2022) referred to, and show that the suit had properly been instituted "directly in Federal District Court.

First: Even the Attorney General of Louisiana —in  Opinion 99-401 Apr 28, 2000

Stated: "It has come to the attention of this office that Op. Atty. Gen. 99-401 contained a misstatement. The opinion stated that the assessors' determination of the tax-exempt status of properties is subject to review by the local board of review, the Louisiana Tax Commission and the district court. This is incorrect".

Second " Triangle Marine, 95–2873, p. 6, 681 So.2d at 940. In Triangle Marine, vessel owners challenged the imposition of a tax on vessels on the basis that the tax was " illegal because their vessels enjoy a constitutional tax exemption." Id. , 95–2873, p. 5, 681 So.2d at 940. Triangle Marine made no reference to the court being a state district court.

The Court noted that the suit had properly been instituted "directly in district court pursuant to *LSA–R.S. 47:2110* [which is] the appropriate method for challenging a tax levy on exempt property." Id. , 95–2873, p. 6, 681 So.2d at 941. In reversing the lower courts' findings that the vessel owners had to first exhaust their administrative remedies under La. Const. art. 7, § 18 (E) before seeking a review in the district court (and later, the court of appeal), the Triangle Marine Court found that "plaintiff's properly proceeded

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 9

in district court under LSA–R.S. 47:2110 to contest these taxes because a tax assessment on exempt property is illegal." Id. , 95–2873, p. 7, 681 So.2d at 941. See: D90 Energy, LLC v. Jefferson Davis Par. Bd. of Review 289 So. 3d 615 (La. Ct. App. 2019)   Cited 1 time.

     A state district court is an administrative tribunal; As a part of the executive branch of government, an administrative tribunal is not a court; it is not a part of the judicial branch of government, for purposes of the separation of powers doctrine. [7] And as a general rule, administrative agencies have no general judicial powers. [8] Thus, an administrative agency does not have the power, with-out statutory authority, to overrule or ignore a judicial precedent. [9] Moreover, the general rule is that an administrative agency may not determine constitutional issues, and is not authorized to consider or question the constitutionality of a legislative act or to declare unconstitutional statutes which it was created to administer and enforce.

     So, Rebecca Jane:-Hankins & David James:-Roach constitutional case can't go, back to one of the trial courts which are administrative tribunals; which are in fact barred, from & may not determine constitutional issues? Moreover, this fact proves." 72 Am. Jur. 2d *State and Local Taxation* § 683 (2022). could only be referring to a Federal District Court, its the only logical way to read 72 Am. Jur. 2d *State and Local Taxation* § 683, cause the so-called state courts are administrative tribunals that may not determine constitutional issues, and are not authorized to consider or question the constitutionality of a legislative acts. The general rule is that as a part of the executive branch of government, an administrative tribunal is not a court; it is not a part of the judicial branch of government, for purposes of the separation of powers doctrine. See:16 Am. Jur. § 257. Limitations as respects judiciary Actions of administrative agencies (2021)

     This deprives the people of Indiana of our due process rights. Additionally, the people of Indiana are being denied the guaranty of the rights and immunities of a citizen that insures to him or her the privilege of having our rights and immunities judicially declared and protected under a constructive fraud. See: 16A C.J.S. Constitutional Law § 1207. Fourteenth Amendment Corpus Juris Secundum 2021. Because, an administrative tribunal may not determine constitutional issues.

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 10

Since such administrative tribunals are not Courts; and is not a part of the judicial branch of government it is without persona jurisdiction to preside over the American People who have the guaranty of the rights and immunities of a citizen that insures to him or her the privilege of having those rights and immunities being judicially declared and protected. See: 16A C.J.S. Constitutional Law § 1207. Fourteenth Amendment Corpus Juris Secundum 2021.

The hierarchy of law in our system is simple:

Ind. Code §1-1-2-1 Hierarchy of law

Sec. 1. The law governing this state is declared to be:

First. The Constitution of the United States and of this state.

Second. All statutes of the general assembly of the state in force, and not inconsistent with such constitutions.

Third. All statutes of the United States in force, and relating to subjects over which congress has power to legislate for the states, and not inconsistent with the Constitution of the United States.

Fourth. The common law of England, and statutes of the British Parliament made in aid thereof prior to the fourth year of the reign of James the First (except the second section of the sixth chapter of forty-third Elizabeth, the eighth chapter of thirteenth Elizabeth, and the ninth chapter of thirty-seventh Henry the Eighth,) and which are of a general nature, not local to that kingdom, and not inconsistent with the first, second and third specifications of this section.

So, if the highest law is the Constitution for the United States and the Constitution of this state. Then the Constitutional law is the highest voice of authority period like it or not. Statutory law, in order to be valid, must conform to applicable constitutions and **constitutional law,** both federal and state.1 In other words, constitutional language controls legislative language.2 Accordingly, constitutional provisions/laws control in any conflict with lesser laws, such as statutes, local ordinances, administrative regulations,3 and case law.4 No statute can, therefore, breathe life into an instrument made and executed in contravention of a constitutional

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 11

inhibition.5 16 C.J.S. Constitutional Law § 8. Conformance of statutory and common law to constitution.

AMERICAN LAW REPORTS Fact sheet-HR, AMERICAN JURISPRUDENCE, CORPUS JURIS SECUNDUM Reads in part:

The Am Jur family of products provides you with fast, authoritative answers to any aspect of civil, criminal, substantive, and procedural law. Corpus Juris Secundum is a comprehensive legal encyclopedia containing over 400 topics that are cited and quoted as authority in Courtrooms across the United States. In each article, the broad principles of the law are explained and put into context, so you know how (they=the laws) are applied by lawyers and the Courts. (original link to AMERICAN LAW REPORTS Fact sheet-HR) http://www.westlawinternational.com/wp-content/uploads/2013/06/0980227J-Rebrand-AMJUR-ALR-factsheet-HR.pdf?fbclid=IwAR2HTOpgY2AR4WuqqHOGrWmukTU57mmjmYyIXauOwYdRc76oIkxQ9IXQ6gA

Further every public officer has a duty of care held in trust for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the officer to uphold the United States and state Constitution, and Constitutional Law, every public officer's oath creates a legal obligation.

In tort law, a **duty of care** is a legal obligation, which is imposed on an individual requiring adherence to a standard of reasonable care while performing any acts that could foreseeably harm others.

**63C Am.Jur.2d, Public Officers and Employees, §247** "As expressed otherwise, the powers delegated to a public officer are held in trust for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the officer. Indiana State Ethics Comm'n v Nelson (Ind App) 656 NE2d 1172, reh gr (Ind App) 659 NE2d 260, reh den (Jan 24, 1996) and transfer den (May 28, 1996).

Remedy sought in Complaint

1. The return of the title to Rebecca Jane Hankins 20 Center Drive Crawfordsville Indiana in the form of Allodial Title so this never happens again in the future.

2. Montgomery County Assessor be ordered to mark 20 Center Drive Crawfordsville Indiana as not taxable in the records so this never happens again in the future.

3. The sum of one point five million dollars be paid in Damages to Rebecca Jane Hankins name For stress worry and the suffering caused in wondering if her life's work to simply own a home would be stolen.
To quote Shakespeare's Othello He that filches from me my good name robes me of that which enriches him not but makes me poor indeed.

I/we Rebecca Jane:-Hankins & David James:-Roach SOLOMELY SWEAR UNDER PENALTY OF PERJURY THAT ALL HEREIN IS TRUE AND ACCURATE and all exhibit are self-authenticating  perIndiana & Federal rules of Evidence 902 § 5. Dated this 25th day of September, 2022

Electronically signed

Rebecca Jane Hankins
Rebecca Jane Hankins

David James Roach
David James Roach

Parties served

100 E Main St., Crawfordsville, IN 47933 Sherri Bentley, Montgomery County Assessor  Ph 765-364-6422  Email sherri.bentley@montgomerycounty.in.gov

Troy Tarpin Wingate Properties LLC Initiating PO Box 354 Connersville Indiana by Vincent C. Kregear.35277-49 501 N. Central Ave. Connersville Indiana 47331    Email vkregear@greesonlaw.com   By Attorney Wayne Greeson Bar# 12644-98 Address 501 N. Central Ave. Connersville Indiana 47331 PH 765-825-9690 Email wgreeson@greesonlaw.com

Montgomery County Council 100 E Main St Crawfordsville, IN 47933 Phone Business: (765) 364-6400 Email jake.bohlander@montgomerycounty.in.gov

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 13

**Vincent C. Kregear** council of record 12048 Saint Marys Rd Brookville, IN 47012-8824 Franklin County **Contact Vincent C. Kregear** (317) 941-9864  Emails vkregear1@hotmail.com vkregear1@gmail.com or vkregear@greesonlaw.com

- 

Documents served

Motion for Summary Judgment as matter of law

Certificate of Service

i/we Rebecca Hankins and David Roach hereby certify that a copy of the forgoing documents Motion for Summary Judgment and exhibits, List of Exhibits, Affidavit of fact , were served upon the above forgoing interested parties and counsel of record by email & United States mail. In accordance with Federal Rules of Civil procedure rule 5.

Dated this 25th day of September, 2022.  Electronically signed

    Rebecca Jane Hankins
    Rebecca Jane Hankins

    David James Roach
    David James Roach

MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW - 14