UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA JANE HANKINS and DAVID JAMES ROACH, <br><br> *Plaintiffs*, <br><br> v. <br><br> MONTGOMERY COUNTY, SHERRI BENTLY, TROY TARVIN, and VINCENT C. KREGEAR, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:22-cv-00080-JMS-DLP <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

*Pro se* Plaintiffs Rebecca Jane Hankins and David James Roach initiated this lawsuit, alleging that their home in Montgomery County, Indiana was illegally assessed, taxed, and sold at a tax sale. Defendant Vincent Kregear has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), [Filing No. 68], and Defendants Montgomery County, Sherri Bently, and Troy Tarvin have jointly filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), [Filing No. 71]. Both Motions to Dismiss are ripe for the Court's decision.

### I.
### STANDARD OF REVIEW

Rule 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Jurisdiction is the "power to decide," *Boley v. Colvin*, 761 F.3d 803, 805 (7th Cir. 2014), and federal courts may only decide claims that fall within both a statutory grant of authority and the Constitution's limits on the judiciary. *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Although a court deciding a Rule 12(b)(1) motion may accept the

1

truth of the allegations in the complaint, it may look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Ciarpaglini v. Norwood*, 817 F.3d 541, 543 (7th Cir. 2016). The party asserting the existence of subject matter jurisdiction bears the burden of demonstrating by competent proof that such jurisdiction in fact exists. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

Under Rule 12(b)(6), on the other hand, a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following factual allegations are drawn from the Complaint, [Filing No. 1], Plaintiffs'

Brief in Support of the Complaint, [Filing No. 2], and relevant public records, of which the Court

is permitted to take judicial notice, *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022).

Consistent with the standards of review outlined above, these facts are accepted as true for

purposes of deciding the Motions to Dismiss.

Ms. Hankins owned the property located at 20 Center Drive in Crawfordsville, Indiana

("the Property"), which is in Montgomery County.  [Filing No. 2 at 2.]  She asserts that she held

(and still holds) the Property "in a fee simple Allodial state free hold under conventional

ownership." [Filing No. 2 at 2.]  Ms. Hankins and Mr. Roach, who are mother and son, both live

at the Property.  [Filing No. 1 at 4; Filing No. 2 at 2-3.]

Plaintiffs allege that the Property was unlawfully assessed, taxed, and sold at a tax sale in

2016.[1]  [Filing No. 1 at 5.]  Specifically, they contend that the sale was unlawful because: (1) the

Property is exempt from taxes pursuant to Indiana Code § 6-1.1-2-7; and (2) they never received

proper notice of the sale.  [Filing No. 1 at 5; *see also* Filing No. 2 at 4-5; Filing No. 2 at 7-9;

Filing No. 2 at 27-28.]

Plaintiffs offer various reasons why taxation of the Property is "illegal."  First, they assert

that because they do not have a mortgage and there is no evidence of indebtedness secured by the

Property, "no tax situs could exist," and no state could tax the Property.  [Filing No. 2 at 9-10.]

Second, they argue that Indiana's property tax is an "ad valorem tax," which means that the

[1] The timing of events is unclear from the Complaint.  Plaintiffs allege that "[t]his all started
9/17/2014," but also allege that the Property was "sold in 2015" and "sold again at a tax sale on
or around 9/16/2016."  [Filing No. 1 at 5.]  However, public records indicate that the Property
was sold in 2016.  [*See* Filing No. 72-1.]

property "must actually have a public purpose or use in a business before it can be assessed in proportion to its value" for taxation purposes. [Filing No. 2 at 12.] Because the Property was purchased as a private property for personal use as a domicile, Plaintiffs reason, it cannot be taxed. [Filing No. 2 at 11-12.] Third, they maintain that the Property was exempt from taxation under Indiana Code § 6-1.1-11-9 because it was occupied by its owners. [Filing No. 74 at 2-3.]

WindGate Properties LLC ("WindGate") purchased the Property at the tax sale, and in November 2017 petitioned the Montgomery County Circuit Court for a tax deed. [Filing No. 72-1 at 1.] On December 29, 2017, the Montgomery County Circuit Court issued an order stating that the Property had not been redeemed, the time for redemption had expired, all taxes and costs had been paid by WindGate, and all "notices required by law ha[d] been given." [Filing No. 72-2 at 1.] Accordingly, the Montgomery County Circuit Court ordered the County Auditor to execute and deliver to WindGate a tax deed for the Property, which "is an estate in fee simple absolute." [Filing No. 72-2 at 1-2; see also Filing No. 72-3 at 1-2.]

Plaintiffs assert that WindGate attempted to negotiate with them to sell back the Property. [Filing No. 2 at 3.] Plaintiffs allege that Defendant Troy Tarvin, who worked for WindGate, "demanded $2,000 down payments over $500 dollars a month with 12% interest over 15 years with a selling price of $32,000," which constitutes "price gouging for a home where no tax is even required." [Filing No. 1 at 5.] Plaintiffs maintain that WindGate "is unaware they don't have lawful ownership" of the Property. [Filing No. 2 at 3.]

Eventually, WindGate abandoned the negotiations, [Filing No. 2 at 3], and through its counsel, Vincent Kregear, filed a Petition for Writ of Assistance in the Montgomery County Circuit Court, seeking to evict Ms. Hankins and all other occupants from the Property, [Filing No. 72-4 at 1-4]. Plaintiffs assert that they were not given an opportunity to be heard on the

4

Petition for Writ of Assistance because attorney Vincent Kregear sent them "a less than defective

allege[d] notice."  [Filing No. 2 at 26-27.]  Specifically, they allege that the notice did not state

the case number or the court in which the hearing was to be held.  [Filing No. 2 at 27.]  However,

the Montgomery County Circuit Court granted the petition and issued a Writ of Assistance on

December 29, 2021, directing the Sheriff of Montgomery County to remove Ms. Hankins and all

other occupants from the Property.  [Filing No. 72-5.]

Plaintiffs filed this lawsuit on January 13, 2022, naming as Defendants Montgomery

County; Sherri Bentley, the Montgomery County Assessor; Troy Tarvin, a Property Manager at

WindGate; and Mr. Kregear.  [Filing No. 1.]  They assert that "[t]his is an action in reverse

deficiency proceedings to initiate a writ of replevin for recovering property & damages."  [Filing

No. 2 at 3.]  Plaintiffs allege that their Fifth Amendment rights were violated because the

Property was taken under color of law without just compensation and sold to a private party.

[Filing No. 1 at 3; Filing No. 2 at 1-2; Filing No. 2 at 16-22.]  They also seem to suggest that Ms.

Bently committed extortion as defined in the Hobbs Act, 18 U.S.C. § 1951, [Filing No. 2 at 5-6],

and they generically reference conversion, robbery, theft, and trespass, implying that the taking

of the Property was illegal and/or tortious, [Filing No. 2 at 23-26.]

According to Plaintiffs, "[t]his has been a continued issue where Montgomery [C]ounty

will not stop assessing and taxing the [P]roperty."  [Filing No. 1 at 5.]  They request that the

Court order the Property to be returned to them "with Allodial Title to prevent any future issues,"

that the Court order the Property to be "marked in the records as untaxable," and that the Court

award damages in the amount of $1.5 million.  [Filing No. 1 at 4; Filing No. 1 at 6; Filing No. 2

at 28.]

### III.
#### DISCUSSION

**A.  Mr. Kregear's Motion to Dismiss**

Mr. Kregear filed a Motion to Dismiss, arguing that there are no allegations in Plaintiffs' Complaint or in any subsequent pleadings that could state a claim against him.  [Filing No. 68; Filing No. 69.]  In response, Plaintiffs' state that they "do not object to" Mr. Kregear's Motion and that keeping Mr. Kregear as a Defendant in this case would waste the Court's and the parties' time.  [Filing No. 75 at 1-2.]  They ask that the Court "release" Mr. Kregear from this case because they never intended him to be a Defendant.  [Filing No. 75 at 2.]  Based on Plaintiffs' concessions, Mr. Kregear's Motion to Dismiss, [Filing No. 68], is **GRANTED** and all claims against him are **DISMISSED WITH PREJUDICE**.

**B.  The Remaining Defendants' Motion to Dismiss**

Montgomery County, Ms. Bently, and Mr. Tarvin jointly filed a Motion to Dismiss for lack of jurisdiction and for failure to state a claim.  [Filing No. 71.]  Because jurisdiction is a threshold issue, the Court addresses the jurisdictional arguments first.

Defendants argue that, under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction to hear Plaintiffs' claims because the injury they complain of is the result of the state court judgment ordering the sale of the Property and issuing a tax deed to WindGate. [Filing No. 72 at 8-9.]  Defendants also argue that the Federal Tax Injunction Act ("FTIA"), 28 U.S.C. § 1341, divests the Court of jurisdiction over Plaintiffs' claims because Indiana law provides a "plain, speedy and efficient remedy" for disputes relating to the assessment and imposition of Indiana property taxes.  [Filing No. 72 at 9-12.]  Defendants assert that no evidence exists that Plaintiffs exhausted administrative remedies for challenging the state court's tax sale proceeding.  [Filing No. 72 at 11-12.]

In response, Plaintiffs argue that "[t]he *Rooker-Feldman* doctrine does not apply to unlawful taxation of Real Property." [Filing No. 74 at 3; *see also* Filing No. 74 at 10-11.] Plaintiffs also assert that the FTIA "is not applicable." [Filing No. 74 at 5; *see also* Filing No. 74 at 10-12.] They maintain that the Property was exempt from taxation under Indiana Code § 6-1.1-11-9 because it was occupied by its owners. [Filing No. 74 at 2-3.] They argue that "[a] challenge to the validity of a tax on exempt property is a challenge to the legality, not the correctness, of a tax; thus, such challenge may be filed directly in district court without being reviewed by a jurisdiction's board of review and tax commission." [Filing No. 74 at 2 (citing 72 Am. Jur. 2d State and Local Taxation § 683 Exempt or Nontaxable Property); *see also* Filing No. 74 at 11 (same).] Accordingly, Plaintiffs contend, because the Property is a nontaxable property, any challenge to its taxation may be filed directly in a District Court without being reviewed by the board of review and tax commission, and therefore this Court has subject matter jurisdiction over their claims. [Filing No. 74 at 11-13.]

In reply, Defendants reiterate their argument that the *Rooker-Feldman* doctrine and the FTIA deprive this Court of jurisdiction over Plaintiffs' claims. [Filing No. 76 at 2-3.] They also contend that Plaintiffs' arguments to the contrary are based on an incorrect interpretation of Indiana law and secondary authorities, such as *American Jurisprudence*. [Filing No. 76 at 6-9.]

"The *Rooker-Feldman* doctrine states that federal courts, other than the Supreme Court, do not have jurisdiction to review decisions of state courts in civil cases." *Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008). "The doctrine deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Id.* This is true even where the state court judgment is "erroneous or

unconstitutional." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (internal quotations and citation omitted).  "If the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim." *Johnson*, 551 F.3d at 567.  "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Long*, 182 F.3d at 554.  However, the *Rooker-Feldman* doctrine is inapplicable if the injury alleged in the federal suit is "distinct from" the state court judgment, including "when the federal claim alleges a prior injury that a state court failed to remedy." *Johnson*, 551 F.3d at 567 (internal quotations and citations omitted).

"To determine whether *Rooker-Feldman* bars a claim, [courts] look beyond the four corners of the complaint to discern the *actual injury* claimed by the plaintiff." *Id.* (emphasis original).  "The pivotal inquiry is 'whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'" *Long*, 182 F.3d at 555 (quoting *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)).  "[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Long*, 182 F.3d at 557.

The FTIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  "The [FTIA] divests the district courts of subject matter jurisdiction in 'cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes.'" *Scott Air Force Base Properties, LLC v.*

*Cnty. of St. Clair, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008) (quoting *Hibbs v. Winn*, 542 U.S. 88, 107 (2004)).

Based on the plain language of the statute, the FTIA's "jurisdictional bar is conditioned upon the availability of a 'plain, speedy and efficient remedy' in state court." *Scott Air Force Base Properties*, 548 F.3d at 521.  This requirement is "construed narrowly" and mandates that the available state court remedy meet certain procedural criteria and provide the taxpayer with a full hearing and judicial determination, at which the taxpayer may raise any and all constitutional objections to the tax.  *Id.*  A plaintiff who seeks to avoid the FTIA's jurisdictional bar bears the burden of proving that the state court system does not provide a sufficient remedy.  *Id.*

The Seventh Circuit has previously concluded that "Indiana provides a plain, speedy and efficient remedy for those who wish to contest their real property tax assessment." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 880 (7th Cir. 2002).  Specifically, the Seventh Circuit noted that a taxpayer can seek review of a property tax assessment by the County Property Board of Appeals, can appeal any finding to the Indiana Board of Tax Review, and, if unsatisfied with the result of the administrative review process, can seek judicial review in the Indiana Tax Court, from which appeals can be taken to the Indiana Supreme Court and the United States Supreme Court.  *Id.* (surveying Indiana law).

Based on both the *Rooker-Feldman* doctrine and the FTIA, the Court concludes that it lacks jurisdiction over this case.  As an initial matter, the only substantive jurisdictional argument that Plaintiffs make is their assertion, based on a passage from *American Jurisprudence*, that "[a] challenge to the validity of a tax on exempt property is a challenge to the legality, not the correctness, of a tax; thus, such challenge may be filed directly in district court without being reviewed by a jurisdiction's board of review and tax commission."  [Filing No. 74

at 2; Filing No. 74 at 11.]   However, in a recent decision, the Seventh Circuit has rejected this exact argument, noting that, according to the underlying state court decision discussed in the *American Jurisprudence* passage, the reference to "district court" "concerns not a federal court but one of the trial courts in the Louisiana state judicial system." *Shaffer v. Indiana*, 2022 WL 4104026, at *1 n.1 (7th Cir. Sept. 8, 2022) (citing *Triangle Marine, Inc. v. Savoie*, 681 So. 2d 937 (La. 1996)).   In other words, Plaintiffs' assertion is not a correct statement of law and does not provide a basis for the Court to exercise jurisdiction.

Regarding the *Rooker-Feldman* doctrine, it is clear that the injury of which Plaintiffs complain—the taxation and sale of the Property—is the direct result of the tax sale proceedings in state court.   Plaintiffs essentially ask this Court to undo the tax sale and the Montgomery County Circuit Court orders awarding a tax deed to WindGate and ordering Plaintiffs removed from the Property.   Pursuant to the *Rooker-Feldman* doctrine, the Court has no such authority, even if Plaintiffs reframe their claims as civil rights violations.   *See Johnson*, 551 F.3d at 567; *Long*, 182 F.3d at 554-57.   *See also Ritter v. Ross*, 992 F.2d 750, 754-55 (7th Cir. 1993) (*Rooker-Feldman* deprived district court of jurisdiction to hear claims that tax lien foreclosure judgment amounted to an unconstitutional taking without due process).

Additionally, the FTIA expressly deprives the Court of jurisdiction to interfere with Indiana's or Montgomery County's collection of property taxes in this case.   Plaintiffs have not demonstrated that the state of Indiana does not provide an adequate remedy or procedure by which they can challenge the assessment, taxation, and sale of the Property, and in fact, the Seventh Circuit has expressly recognized that adequate procedures exist.   *See Hay*, 312 F.3d at 880.   *See also Shaffer*, 2022 WL 4104026, at *1 (affirming the dismissal pursuant to the FTIA of

10

a "civil-rights action against various state actors with regard to tax-delinquency proceedings that had been pending in state court").

In sum, the Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine and the FTIA. And because the jurisdictional issues are dispositive, the Court need not address any of Defendants' arguments that dismissal is warranted under Rule 12(b)(6). Defendants' Motion to Dismiss, [Filing No. 71], is **GRANTED**, and all claims against Defendants Montgomery County, Sherri Bently, and Troy Tarvin are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction pursuant to Rule 12(b)(1).

## IV.
### CONCLUSION

Based on the foregoing, Defendant Vincent Kregear's Motion to Dismiss, [68], is **GRANTED**, and all claims against Mr. Kregear are **DISMISSED WITH PREJUDICE**. Defendants Montgomery County, Sherri Bently, and Troy Tarvin's Motion to Dismiss, [71], is **GRANTED**, and all claims against them are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. All other pending motions, [77; 79], are **DENIED AS MOOT**. Final judgment shall issue accordingly.

Date: 10/7/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

11

**Distribution via U.S. Mail to:**

REBECCA JANE HANKINS
DAVID JAMES ROACH
20 Center Drive
Crawfordsville, IN 47933

**Distribution via ECF only to all counsel of record**